# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00433-CV

---

**In the Matter of E. D.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-23,019, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

---

## O P I N I O N

Appellant E.D., a juvenile, appeals from the trial court's order modifying her probation by extending her probation and placing her in secure confinement at the Travis County Leadership Academy. In a single issue, appellant contends that the order is void because it does not satisfy the requirements of family code section 54.04(n) for placing a status offender[1] in secure confinement. She contends in the alternative that the trial court abused its discretion in modifying her probation. For the reasons stated below, we affirm the order of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. On March 21, 2003, appellant at age fourteen was adjudicated a status offender for being a runaway, which is conduct indicating a need for

---

[1] "Status offender" means a "child who is accused, adjudicated, or convicted for conduct that would not, under state law, be a crime if committed by an adult." Tex. Fam. Code Ann. § 51.02(15) (West Supp. 2004).

supervision.[2] She was placed on six months' probation in the custody of her mother. Conditions of her probation included: being at home between 7:30 p.m. and 6:00 a.m. every day, unless accompanied by a parent or guardian or with her probation officer's permission; not associating with anyone two or more years older than herself, including her 22-year-old boyfriend, who was specifically named; and not using alcohol, inhalants, or illegal drugs.

On May 5, appellant's mother reported to the probation officer that appellant had left home after school on Friday and did not return until Monday morning. Appellant's mother suspected that appellant had stayed with her boyfriend's sister. The probation officer detained appellant at school for violating probation and obtained a urine sample. After appellant tested positive for marihuana, appellant told the probation officer that she had smoked marihuana with her friends when she was gone from home the previous weekend. The trial court held detention hearings on May 6 and May 13, and released appellant on probation on May 13 on the conditions that she begin intensive outpatient drug treatment, terminate contact with her boyfriend and other "negative peers," and enroll in summer school. The court also warned appellant that if she violated her probation rules again, she would be ordered into the Leadership Academy.

On May 30, appellant's mother reported that appellant had left home and had not returned. On June 3, the probation officer met with appellant, who said that she had run away because things were too stressful at home with her mother's use of alcohol. Appellant also told the

---

[2] A child who is adjudicated of running away from home is a status offender. *Id.* § 51.02(15)(B). "[T]he voluntary absence of a child from the child's home without the consent of the child's parent or guardian for a substantial length of time or without intent to return" is conduct indicating a need for supervision. *Id.* § 51.03(b)(3) (West Supp. 2004).

probation officer that she had seen her boyfriend the night before, but did so to break up with him. Appellant was detained for several days.

On June 9, the State filed a motion to modify disposition on the ground that appellant violated the terms of her probation by testing positive for marihuana and leaving home each weekend. On June 10, appellant's probation officer filed a report recommending twelve months' probation and placement at the Leadership Academy. The officer recommended this placement because of appellant's "excessive runaway history and behavioral issues as well as substance abuse." On June 12, after hearing evidence, the trial court found that appellant had violated the terms of her probation by being away from home after curfew. The trial court ordered that appellant be placed at the Leadership Academy in part because she "cannot be provided the quality of care and level of support and supervision that [she] needs to meet the conditions of probation." The court issued *nunc pro tunc* orders on July 28 and August 8 to correct the omission of an exhibit and correctly state the reason for the modification of probation.

## ANALYSIS

Juvenile courts are granted broad powers and discretion in determining a suitable disposition for a juvenile who has been adjudicated to have engaged in conduct indicating a need for supervision, particularly in a proceeding to modify a disposition. *See In re J.M.*, 25 S.W.3d 364, 367 (Tex. App.—Fort Worth 2000, no pet.); *In re J.L.*, 664 S.W.2d 119, 120 (Tex. App.—Corpus Christi 1983, no writ). Accordingly, we will not disturb the juvenile court's findings regarding the modification of a disposition absent a clear abuse of discretion. *See In re C.C.*, 930 S.W.2d 929, 930 (Tex. App.—Austin 1996, no writ). The juvenile court abuses its discretion when it acts arbitrarily

3

or unreasonably, or without reference to guiding rules and principles. *In re C.L., Jr.*, 874 S.W.2d 880, 884 (Tex. App.—Austin 1994, no writ).

In one issue, appellant contends that the order modifying probation is void because it does not satisfy the requirements of family code section 54.04(n), in that the order did not state, among other requirements, that "all dispositions, including treatment, other than placement in a secure detention facility or secure correctional facility, have been exhausted or are clearly inappropriate." Tex. Fam. Code Ann. § 54.04(n)(2)(C) (West Supp. 2004). Appellant alleges in the alternative that the trial court abused its discretion in modifying her probation.

At the outset, we disagree with appellant's contention that the order modifying appellant's disposition must meet the requirements of section 54.04(n). This provision sets forth the requirements of a probation officer's report as a *prerequisite* to the court's order, stating:

> A court may order a disposition of secure confinement of a status offender adjudicated for violating a valid court order only if:
>
> . . . .
>
> (2) the *juvenile probation department in a report* authorized by Subsection (b):
>
>   (A) reviewed the behavior of the child and the circumstances under which the child was brought before the court;
>
>   (B) determined the reasons for the behavior that caused the child to be brought before the court; and
>
>   (C) determined that all dispositions, including treatment, other than placement in a secure detention facility or secure correctional facility, have been exhausted or are clearly inappropriate.

*Id.* § 54.04(n)(2) (emphasis added). Section 54.04(i), on the other hand, sets forth the requirements of a trial court's order if the court places the child on probation outside of the home. The order must state that: (i) it is in the child's best interests to be placed outside of the home; (ii) reasonable efforts were made to prevent or eliminate the need for the child's removal from home; and (iii) the child, in the child's home, cannot be provided the quality of care and level of support that the child needs to meet the conditions of probation. *Id.* § 54.04(i)(1) (West Supp. 2004). Appellant does not dispute that the trial court's order fulfilled these requirements. Furthermore, the trial court stated at the hearing to modify the disposition that the requirements of section 54.04(n) were met. Because section 54.04(n) speaks only to the elements of the probation officer's report, not the trial court's order, we reject appellant's argument that the trial court's order modifying probation is void for failure to meet the requirements of section 54.04(n).

We now turn to appellant's argument that the trial court abused its discretion in modifying appellant's probation. Section 54.05 of the family code governs hearings to modify dispositions. *Id.* § 54.05 (West Supp. 2004). A trial court may modify its original or a prior disposition if it finds by a preponderance of the evidence that a child violated a reasonable and lawful order of the court. *Id.* § 54.05(f). The trial court must give specific reasons for the disposition of or modification of the disposition of a juvenile. *Id.* §§ 54.04(i), .05(i). This requirement assures that the child will be advised of the reasons for the disposition and will be in a position to challenge those reasons on appeal. *See In re J.R.*, 907 S.W.2d 107, 110 (Tex. App.—Austin 1995, no writ). Such specificity also allows an appellate court to review the reasons for the disposition and determine whether they are (i) supported by the evidence and (ii) sufficient

to justify the disposition ordered. *See id.* at 110 (citing *In re L.G.*, 728 S.W.2d 939, 944-45 (Tex. App.—Austin 1987, writ ref'd n.r.e.)). We may reverse for an abuse of discretion if the record does not support the findings. *See L.G.*, 728 S.W.2d at 946.

Section 54.05(e) requires a two-step modification hearing. First, the court determines whether probation has been violated. *See* Tex. Fam. Code Ann. § 54.05(e) (West Supp. 2004); Robert O. Dawson, *Texas Juvenile Law* 222 (5th ed. 2000); *see also In re D.S.S.*, 72 S.W.3d 725, 728-29 (Tex. App.—Waco 2002, no pet.). "After a hearing on the merits, the court may consider written reports from probation officers . . . in addition to the testimony of other witnesses." Tex. Fam. Code Ann. § 54.05(e). In the first part of the modification hearing, appellant's probation officer testified that appellant told her that she had stayed at a friend's house on May 6 and that appellant did not have permission to do so. Appellant did not present any controverting evidence. The record reflects that as a condition of her probation, appellant was to be at home between 7:30 p.m. and 6:00 a.m. every day, unless accompanied by a parent or guardian or with prior approval of her probation officer. Based on this testimony, the court granted the modification, having determined that the probation officer had proven a violation of the probation rule by a preponderance of the evidence. Further, in its order modifying probation, the trial court found that appellant violated a condition of probation by leaving her home on May 6, 2003 and returning at 4:00 a.m. the next morning. We do not find that the trial court abused its discretion in making this determination.

The trial court further determined in its order, as required by family code section 54.04(i), that (i) at home, appellant cannot be provided the quality of care and level of support and supervision that she needs to meet the conditions of probation; (ii) all reasonable efforts were made

6

to prevent or eliminate the need to remove appellant from home; and (iii) it is in the best interest of appellant and society to place her on probation outside of her home at the Leadership Academy. *Id.* § 54.04(i). In making these determinations, the trial court could consider both the probation officer's report and testimony of witnesses. *Id.* § 54.04(e). In her report, the probation officer stated that appellant "continues to associate with negative peers," "continues to leave the home for a few days at a time," and that appellant reported to her that things are stressful at home because of her mother's use of alcohol. In the time between her original adjudication and the modification hearing, appellant was detained four times because of running away and substance abuse. At one detention hearing, appellant was ordered to intensive outpatient treatment for marihuana abuse. Appellant was warned several times that if she continued to violate her probation, she would be ordered to the Leadership Academy. Because of appellant's excessive runaway history and substance abuse, the probation officer recommended in her report that the Leadership Academy "can provide a secured structured environment that can provide her with responsibility and accountability skills as well as how her actions affect others."

In the second part of the modification hearing, the probation officer testified that appellant had a pattern of leaving home. She was concerned for appellant's safety because appellant kept associating with "negative peers," including her 22-year-old boyfriend. Further, appellant had previously cut off her ankle monitor. Appellant's attorney argued that options other than secure confinement had not been exhausted, suggesting first that appellant be placed in Phoenix Academy, a nonsecure facility. The trial court rejected that suggestion because the facility's purpose is drug treatment, which appellant's attorney agreed was not appellant's primary problem. Appellant's

7

attorney then suggested a nonsecure facility in West Texas. Appellant's mother was agreeable to that suggestion and said she could visit her daughter at least once or twice in the year that appellant would be there. The trial court stated that although that would not be a bad place for appellant, "she and her mom have work to do, I don't know how they can do it with her out there." Additionally, when asked by the trial court if she wanted to go to West Texas, appellant said no.

When appellant's attorney argued that other services had not been exhausted, appellant's mother testified:

> I disagree with that statement. I think [appellant] and I have been given a lot of chances and that anything that was put into place she's either taken off or we've gotten to a place where we haven't been able to see it through. . . . So she needs something secure and I'll do a program with her.

After hearing the testimony, the trial court stated that "the Court doesn't really want to find [appellant] dead on the side of the street one day; and frankly that's the direction I am afraid I see her going. . . . There is no way this Court could put her back on the street with [her boyfriend] out there." Because "less restrictive means . . . have been unsuccessful," the trial court ordered twelve months of probation at the Leadership Academy. Simply because the trial court made a judgment call does not mean that the trial court abused its discretion. That the court's determination was based not on its inclination but its *judgment* as guided by sound legal principles is the essence of the court's proper exercise of its jurisdiction. Based on the probation officer's report and evidence presented at the modification hearing, we cannot say that the trial court abused its discretion in placing appellant in secure confinement.

8

Even reviewing the probation officer's report for sufficiency under section 54.04(n), appellant has not shown that the trial court abused its discretion in placing appellant in secure confinement. As detailed above, the probation officer described appellant's behavior of continuing to run away and determined that the running away caused the child to be brought before the court. She further reported that appellant's mother "feels that the child needs to be placed in a more structured environment in order to provide the necessary skills for the child to be successful." Because of her excessive runaway history, behavioral issues, and substance abuse, the probation officer recommended that the Leadership Academy would provide appellant "with responsibility and accountability skills as well as how her actions affect others." The probation officer's report, in recounting appellant's pattern of running away and endangering herself, satisfies the requirements of section 54.04(n), establishing that all dispositions other than placement in secure confinement were clearly inappropriate. *See id.* § 54.04(n). Accordingly, we overrule appellant's sole issue on appeal.

## CONCLUSION

Because family code section 54.04(n) speaks only to the elements of the probation officer's report, not the trial court's order, we reject appellant's argument that the trial court's order modifying probation is void for failure to meet the requirements of section 54.04(n). *Id.* Given the broad powers of discretion with which juvenile courts are vested when modifying dispositions, we review the trial court's order under an abuse of discretion standard. *J.M.*, 25 S.W.3d at 367. Here, the evidence established that appellant violated the terms of her probation and that placement in secure confinement was appropriate, based on appellant's pattern of running away from home.

Accordingly, we do not find that the trial court abused its discretion in modifying appellant's probation and ordering her to secure confinement.

Furthermore, the probation officer's report fulfills the requirements of family code section 54.04(n), establishing that all dispositions other than placement in secure confinement were clearly inappropriate. Tex. Fam. Code Ann. § 54.04(n). Having overruled appellant's issue, we affirm the trial court's August 8, 2003 *nunc pro tunc* order modifying probation.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 29, 2004

10