# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-04-00562-CV**

---

**In the Matter of P. W.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-22,025, HONORABLE LEONARD RAY SAENZ, JUDGE PRESIDING**

---

# M E M O R A N D U M   O P I N I O N

Appellant P.W. was adjudicated delinquent in 2002 as a result of assault and theft charges. On April 26, 2004, at the age of 14, P.W. was again found to have engaged in delinquent conduct by assaulting a school employee and was placed on nine months of intensive supervision probation (ISP) at home in his mother's custody. On June 21, 2004, after P.W. pled true to violating the terms of his probation, the trial court modified P.W.'s disposition to a suspended Texas Youth Commission (TYC) sentence. The trial court offered P.W. the opportunity to remain at home by complying with all ISP conditions. On August 13, 2004, after multiple violations of the ISP conditions, P.W. was committed to TYC. P.W. appeals this last order in two issues: (1) the trial court abused its discretion by committing him to TYC; and (2) the disposition hearing for the underlying offense was conducted prior to the adjudication hearing in violation of Texas Family Code section 54.04(a). For the reasons set forth below, we affirm.

**DISCUSSION**

**TYC Commitment**

In his first issue, P.W. claims that the trial court abused its discretion by modifying his disposition to commitment in TYC. Juvenile courts are granted broad powers and discretion in granting modification orders. *In re E.D.*, 127 S.W.3d 860, 862-63 (Tex. App.—Austin 2004, no pet.). "[A] disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or of the United States of the grade of felony, or if the requirements of Subsection (k) are met, of the grade of misdemeanor, may be modified so as to commit the child to [TYC] if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." Tex. Fam. Code Ann. § 54.05(f) (West Supp. 2004-05). The court may modify a disposition based on a misdemeanor "if: (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least one previous occasion before the adjudication that prompted the disposition that is being modified; and (2) the conduct that was the basis of the adjudication that prompted the disposition that is being modified occurred after the date of the previous adjudication." *Id.* § 54.05(k). P.W., who had at least one previous misdemeanor adjudication for assault, does not dispute that he was eligible for commitment to TYC under section 54.05(k).

When a juvenile court modifies a disposition, the controlling issue is whether the record shows that the court abused its discretion in finding, by a preponderance of the evidence, a violation of a condition of probation. *In re K.B.*, 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.). We may reverse a trial court's modification of a disposition only upon a finding of clear

abuse of discretion. *In re E.D.*, 127 S.W.3d at 863. A juvenile court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id.* at 863 (citing *In re C.L.*, 874 S.W.2d 880, 884 (Tex. App.—Austin 1994, no writ)). The party claiming an abuse has the burden on appeal to show the trial court abused its discretion. *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex. App.—Dallas 1994, no writ).

P.W. pled true to the allegation that he had failed to report to his probation officer as required by the terms and conditions of his court-ordered probation. This plea supported the court's finding by a preponderance of the evidence that P.W. had violated a lawful court order and that he was therefore eligible for commitment to TYC under sections 54.05(f) and (k). *See* Tex. Fam. Code Ann. §§ 54.05(f), (k); *In re K.B.*, 106 S.W.3d at 915.

On June 21, 2004, after the court found that P.W. had violated the terms of his probation, it proceeded to receive evidence regarding the State's recommendation for P.W.'s disposition. The court heard testimony from P.W.'s probation officer that P.W. had a history of drug use and aggression and had been offered numerous rehabilitation programs beginning in 2001 or 2002 with little success. P.W. had successfully completed only one program, an anger management program, during a prior probation but refused to attend the same program during the current probation. P.W. had also failed to complete two other anger management programs and, although P.W. sometimes attended classes at the Alternative Learning Center, his violent behavior scared the teachers and students when he was in class. Based upon P.W.'s history of not responding to services in the community, the Juvenile Justice Department's first recommendation for P.W.'s disposition modification was enrollment in a residential behavioral treatment program in Houston. Commitment to TYC was its secondary recommendation.

Based on the Department's recommendations, the court offered P.W. the option of entering the residential program immediately or taking a suspended TYC sentence during which he would be on ISP. The court made it clear that if P.W. broke any of the ISP conditions, he would be sent to TYC. P.W. and his mother selected ISP, and on June 21, 2004, the court sentenced P.W. to TYC, suspending the sentence and releasing P.W. on ISP for three weeks. On July 12, 2004, the parties returned to court for the continuation of P.W.'s disposition hearing. The court heard testimony from P.W.'s probation officer, P.W.'s mother, and P.W. P.W. had shown some improvement during the three weeks but had also missed several mandatory meetings. His urine analyses had been clean for three weeks but came back positive for marihuana the day of the hearing. Considering the evidence of P.W.'s improvement in some areas and continued failure to comply in others, the court gave P.W. another four weeks to prove that he could comply with all of the conditions of his probation. The court explained that it was P.W.'s responsibility to follow the conditions and reiterated that if any condition was violated, P.W. would be sent to TYC. On August 13, 2005, the court again heard testimony that P.W. had missed a meeting with his probation officer on July 26, but had turned himself in later that day, and he had missed meetings with his assigned mentor. Further, under ISP conditions, P.W. was to notify a tracking service whenever he left the house and was required to get permission to leave the county. The tracking service had been unable to find P.W. on five occasions, and, on one occasion, P.W. had left the county without prior notification or permission. After these violations, P.W. was put in detention, where he remained until the August 12 hearing at which he was sent to TYC.

Despite the fact that he met the statutory requirements for commitment to TYC, P.W. argues that the court acted arbitrarily, unreasonably, or without reference to guiding rules and principles by committing him to TYC when alternative dispositions were available. This argument is without merit. In a modification hearing, the court is not required to consider alternative dispositions. *See* Tex. Fam. Code Ann. §§ 54.05(f), (k). Further, as discussed above, although not required to do so, the court considered the alternative disposition suggested by the Juvenile Justice Department and allowed P.W. to select one of the two recommended dispositions. In reaching its final decision to send P.W. to TYC, the court considered the evidence of improvement P.W. demonstrated during ISP, as well as his history of not participating in the required community programs and his continued inability to comply with all conditions of probation. We cannot hold that the juvenile court abused its discretion in finding that TYC was a suitable disposition for P.W. *See In re E.D.*, 127 S.W.3d at 862-63.

P.W. also appeals to public policy. Citing the concurrence in *In re J.P.*, P.W. argues that juveniles should not be committed to TYC without a finding that such a disposition is in the child's best interest. 136 S.W.3d 629, 634 (Tex. 2004) (Schneider, J., concurring). However, after stating its policy preference, the concurrence conceded that under the current law,[1] no such finding

---

[1] In its most recent session, the legislature amended section 54.05 to require more extensive findings before a child can be placed outside the home in a modification hearing:

(m) If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court:

(1) shall include in the court's order a determination that:

is required. Further, despite the fact that no such finding was required, the trial court found that commitment to TYC was in P.W.'s best interest. The Order of Commitment to the Texas Youth Commission states:

> The Respondent will not accept parental supervision and has demonstrated a disregard for all authority. The Respondent, in the Respondent's home, cannot be provided the quality of care and level of support and supervision that the Respondent needs to meet the conditions of probation. All reasonable efforts were made to prevent or eliminate the need for the Respondent's removal from home and to make it possible for the Respondent to return home. The Court further finds that the Respondent has been removed from his home and approves the removal. The Court further finds that the local resources of this Court are not adequate to meet such needs or accomplish the necessary protection of the public. It therefore appears to the Court that the *best interest of the Respondent* and of society will be served by committing the Respondent, [P.W.] to the care, custody, and control of the Texas Youth Commission.

(Emphasis added.)

We overrule appellant's first issue.

---

(A) it is in the child's best interests to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

*See* Act of May 27, 2005, 79th Leg., R.S., ch. 949, § 54.05, sec. 15, 2005 Tex. Gen. Laws 949 (to be codified as an amendment to Tex. Fam. Code Ann. § 54.05).

6

**Timing of the Disposition Hearing**

In his second issue, P.W. argues that the trial court erred by holding the disposition hearing prior to the adjudication hearing in violation of Texas Family Code section 54.04(a). Texas Family Code section 54.04(a) provides that: "[t]he disposition hearing shall be separate, distinct, and subsequent to the adjudication hearing." Tex. Fam. Code Ann. § 54.04(a) (West Supp. 2004-05). P.W. argues that the record shows that the first disposition hearing and order took place on April 24, 2004, prior to the adjudication hearing and order, which occurred on April 26, 2004. P.W. bases his claim on recitations of the date of the disposition order as April 24 in the following: (1) certain State pleadings, specifically, the Original Motion to Modify Disposition, and the First Amended Motion to Modify Disposition; (2) the Order Modifying Probation Dispositional Order Commitment to the Texas Youth Commission; and (3) the trial court's reference to the date April 24 as the date of disposition. However, the State claims that the references to April 24 are erroneous and the result of clerical error.[2] To support its claim, the State points to other documents that list the date of the disposition hearing as April 26, including the (1) Judgment of Delinquency; (2) Dispositional Order of Probation; (3) Terms and Conditions of Intensive Probation Program; (4) docket sheet from April 26, which refers to both the adjudication of delinquency and the dispositional order; (5) P.W.'s

---

[2] The State also argues that the court should apply the presumption of regularity to the documents and to the trial court's judgment. The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). However, the court of criminal appeals noted that the court of appeals held that the presumption of regularity should not apply to discretionary juvenile-transfer proceedings. *Id.* When the presumption does not apply, the court should evaluate all of the evidence without the presumption. *Id.*

7

Request to Clerk for Preparation of Clerk's Record on Appeal, filed September 9, 2004; and (6) the Reporter's Record from April 26.

Having carefully reviewed the entire record, we conclude that the recitations of April 24 are the result of clerical or typographical error. In particular, the reporter's record plainly shows that P.W. appeared before the court on April 26 for both hearings and that the disposition hearing was "separate, distinct, and subsequent to the adjudication hearing," as required by section 54.04(a).[3] We overrule P.W.'s second issue.

## CONCLUSION

Having overruled both of P.W.'s issues, we affirm the modification of the disposition committing P.W to the Texas Youth Commission.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 25, 2005

_____

[3] Moreover, April 24, 2004, was a Saturday.

8