MEMORANDUM OPINION


No. 04-04-00710-CV

IN THE MATTER OF J.A.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2004JUV00130A
Honorable Laura Parker, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   September 7, 2005

AFFIRMED
            This is an appeal of an order of modification of disposition in a juvenile case, committing
J.A. to the Texas Youth Commission. We overrule J.A.’s sole issue on appeal and affirm the trial
court’s order.
Factual and Procedural Background
            In February 2004, J.A. pled true to a charge of burglary and, pursuant to a plea agreement,
was placed on probation for a period of two years and transferred to the Krier Juvenile Correctional
Treatment Center. Additionally, J.A. agreed to certain conditions of probation. In particular,
condition 23 of his probation states “I will cooperate fully and obey all the rules of the residential
placement facility (or foster home) where I am placed, and I will remain at such facility (or home)
until completing the program or until authorized to leave by the Court/Juvenile Probation
Department.” In September 2004, the State filed a motion to modify disposition, alleging that J.A.
violated the Krier Center’s rules of placement by acquiring 30 security sanctions and 136 behavioral
timeouts. J.A. acquired these violations by refusing assignments, destroying property, disrespecting
and threatening teachers, using an aggressive stance, fighting, gang inciting, shaving a line on one
of his eyebrows, violating peer restrictions, horse-playing, disrespecting staff members, advocating
hatred of others, trading in contraband, and aggressive shoving. Ten of the thirty security sanctions
involved gang and aggressive behaviors. J.A. pled true to the State’s allegations. 
            At the hearing on the motion to modify, J.A.’s parents asked some questions and expressed
a number of concerns to the court. When J.A. pled true to the State’s allegation that he had violated
a condition of his probation, and simultaneously gave up his right to a trial, J.A.’s father objected,
stating of his son, “I don’t think he knows what he’s saying.” The court had, however, already
explained J.A.’s rights to him and J.A. indicated that he understood his rights and still wanted to
waive them. Further, in response to the court’s questioning, J.A.’s attorney stated that he believed
J.A. fully understood and knowingly waived his constitutional and statutory rights. Next, J.A.’s
father objected to the admission of the State’s first exhibit, which detailed J.A.’s behavioral record
at the Krier Center. When the court explained what the State’s exhibit was, J.A.’s father stated that
the proceeding was “going a little too fast for [him].” 
            J.A.’s father also stated that he believed that there were other problems at the Krier Center
besides his son’s behavior. He asked the court if the hearing could be postponed to gather
information about the Krier Center. The court denied the request, explaining that J.A. could have a
trial, with witnesses and evidence, but that he had chosen to waive that right. The court went on to
explain that because all of the relevant witnesses were present and could testify as to the events in
question, a postponement was inappropriate. Furthermore the court explained that J.A.’s decision
to plead true to the allegations was between J.A. and his attorney. Also during the course of the
hearing, J.A.’s father inquired as to the ratio of students to counselors at the Krier Center. J.A.’s
probation officer answered that it was very good, stating that there were about “twelve kids per
counselor.” 
            J.A.’s mother also indicated to the court that she was concerned about the amount of
counseling J.A. had received at the Krier Center. She stated that she had only gone for counseling
with J.A. twice a month, but that she did not know how many times he had counseling. 
            The court found J.A. in violation of his probation and thus, modified the juvenile disposition
and sentenced him to confinement at the Texas Youth Commission. At the conclusion of the hearing,
the court found that “there’s inadequate supervision which warrants removal from the home, that all
services in the home have been attempted and exhausted, that there’s no suitable placement facility
available for the child, that it is in the best interest of the child and the community that the child be
committed to the Texas Youth Commission.” On appeal, J.A. does not dispute the trial court’s
findings, but argues that, although the court addressed J.A.’s parents’ concerns about the Krier
Center, it did not do so satisfactorily and therefore abused its discretion. 
Discussion
A.        Standard of Review
            The trial court may modify its original disposition if, after a hearing, the court finds by a
preponderance of the evidence that the child violated a reasonable and lawful order of the court. Tex.
Fam. Code Ann. § 54.05 (f) (Vernon Supp. 2004-05); In re E.D., 127 S.W.3d 860, 863-64 (Tex.
App.—Austin 2004, no pet.). In such a case, the trial court may commit the child to the Texas Youth
Commission. In re J.M., 25 S.W.3d 364, 367 (Tex. App.—Fort Worth 2000, no pet.). The trial court
must state specifically its reasons for modifying the disposition and the court’s findings should not
be disturbed so long as the record supports those findings. Tex. Fam. Code Ann. § 54.05 (i) (Vernon
2004); In re E.D., 127 S.W.3d at 864. Courts are given broad discretion in determining a suitable
disposition for a juvenile who has been adjudicated to have engaged in conduct indicating a need for
supervision, particularly in a proceeding to modify a disposition. In re E.D., 127 S.W.3d at 862-63;
see also In re J.M., 25 S.W.3d at 367.When a juvenile court modifies a disposition, the controlling issue is whether the record
shows that the court abused its discretion in finding, by a preponderance of the evidence, a violation
of a condition of probation. In re K.B., 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.).
Absent a showing of an abuse of discretion, the reviewing court will not disturb the juvenile court’s
findings. Id.; In re E.D., 127 S.W.3d at 863. The juvenile court abuses its discretion when it acts
arbitrarily or unreasonably, or without reference to guiding rules and principles. In re C.L., 874
S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ). 
B.        Analysis 
             J.A.’s sole issue on appeal is that the trial court abused its discretion when it modified its
prior order and committed J.A. to the Texas Youth Commission. The juvenile court abuses its
discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and
principles. Id. In this case, the relevant “guiding rules and principles” are laid out in section 54.05
of the Texas Family Code. Section 54.05 provides that the trial court may modify its original
disposition if, after a hearing, the court finds by a preponderance of the evidence that the child
violated a reasonable and lawful order of the court. Tex. Fam. Code Ann. § 54.05 (f) (Vernon Supp.
2004-05). In this case, the court ordered J.A. to abide by the conditions of his probation, and J.A.
admitted to violating a condition of his probation. When a child admits to violating his probation,
his admission justifies the court’s finding by a preponderance of the evidence that the child violated
a reasonable and lawful order of the court. See In re K.B., 106 S.W.3d at 915. Therefore, because
the evidence showed a violation of J.A.’s probation, which was a reasonable and lawful order, the
court did not abuse its discretion by modifying the original disposition order. 
            J.A. argues, however, that, despite his plea of true, the trial court should have more
adequately addressed the concerns expressed by the his parents during the course of the modification
hearing. J.A. relies on the various issues his parents raised concerning the care J.A. received at the
Krier Center. We find J.A.’s argument without merit. 
            First, we note that J.A’s parents were not witnesses in this case. They gave no sworn
testimony nor did J.A. present evidence in support of his claim that his treatment at the Krier Center
was inadequate. Thus, even if J.A.’s parents raised valid concerns, there was no evidence presented
regarding their concerns. Secondly, the trial court did not ignore the concerns raised by J.A.’s
parents, but instead afforded them the opportunity to express their concerns and, as appropriate,
addressed them. Under these circumstances, we cannot say the trial court abused its discretion. 
Conclusion
            The trial court had broad discretion to modify J.A.’s disposition order. J.A. received the
requisite hearing and pled true, and the court determined that he did, in fact, violate a condition of
his probation. J.A.’s parents were not witnesses, and J.A. presented no evidence of problems with
the Krier Center. Because the record supports the trial court’s decision, it did not act arbitrarily and
unreasonably. Thus, the court did not abuse its discretion when it modified the disposition order.
Because J.A.’s single point of error is without merit, we affirm the judgment of the lower court. 

 
                                                                                    Karen Angelini, Justice