# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00462-CV

**In the Matter of R. A. N.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-23,717, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

R.A.N., a juvenile, was adjudicated delinquent for the offense of possession of marihuana and was placed on probation in his home for twelve months. *See* Tex. Fam. Code Ann. §§ 54.03, .04 (West Supp. 2007). Three months later, the trial court signed an order modifying R.A.N.'s probation, finding that he had violated the terms of his probation, and ordering him placed at the Travis County Leadership Academy for eighteen months. *See id*. § 54.05 (West Supp. 2007). R.A.N. appeals, complaining that the trial court should have committed him to a residential drug treatment center instead of the Leadership Academy. We affirm the trial court's modification order.

When R.A.N. was adjudicated delinquent for the subject offense, he had already been placed on probation four times for possession of marihuana in a drug-free zone, violation of court orders, assault, and theft. Although R.A.N. was eligible for commitment to the Texas Youth Commission, the probation department recommended that he be placed on probation and required to participate in outpatient drug treatment. The trial court agreed, and R.A.N. was placed on probation at home. About three months later, the State filed its motion to modify R.A.N.'s

disposition, alleging that he had skipped and gotten suspended from school, tested positive for THC, failed to report to his probation officer, and missed several drug treatment appointments. The department recommended that R.A.N. be committed to TYC custody because he needed "a secure structured environment" to help him develop "behavior modification skills."

At the hearing on the State's motion, the State dropped its allegations related to skipping school, positive drug tests, and missing drug treatment, and R.A.N. pled true to the remaining allegations. R.A.N.'s probation officer testified that when R.A.N. was adjudicated delinquent three months earlier, he had been accepted by and the department recommended that he be assigned to the Leadership Academy. Instead of sending him to the Leadership Academy, however, the trial court on its "own motion" placed him on probation. The officer testified that R.A.N. and his family had not cooperated with his counselors or the department and that his mother had said "she does not feel that they need counseling." The officer was asked why R.A.N. was not staffed for "more restrictive drug treatment," and she replied, "He was staffed for Leadership, whatever level to upgrade the level of substance abuse, Leadership." The officer said that R.A.N.'s family wanted him to get residential drug treatment, but that they were "open to" both drug treatment and "Leadership if it turns out that his problem is more of a behavioral issue." Although the department recommended TYC commitment, the Leadership Academy had agreed to reconsider R.A.N. R.A.N.'s father testified and said that he wanted R.A.N. to receive drug treatment and that he "[w]ould . . . like to see [R.A.N.] staffed for inpatient drug treatment or Leadership, something along that line." He testified, "We don't have behavioral problems with [R.A.N.] . . . The main problem is . . . the drugs." He denied that he and his family were uncooperative.

2

At the conclusion of the hearing, the trial court said,

> We have two programs that are appropriate for [R.A.N.] One is the Leadership program and one is the CHOICES program. . . . So I don't really want to put [R.A.N.] in the Texas Youth Commission since he just barely turned 15. I cannot in good conscious [sic] return him home because he's been unsuccessful at home. He will not follow the Court's rules, parent's rules, he won't stay drug free permanently, all that sort of stuff. So I'm going to have our residential program interview him and his folks and decide which one is more appropriate, make a recommendation whether it should be the CHOICES program or whether it should be a behavioral program rather than a drug treatment program, figure out which one seems to be more appropriate.

The residential services representative told the court that he had already interviewed R.A.N. and that his department believed "that regular Leadership is more appropriate for [R.A.N.]" In closing statements, R.A.N.'s attorney said that his family believed drug treatment was more appropriate but that they were "willing to cooperate with Leadership if it turns out that that is more appropriate," and asked the court to "make sure that Leadership is a more appropriate program for him." The State asked the court to send R.A.N. to the Leadership Academy. The court noted that it was "hard to figure out quite honestly whether his is a drug problem or . . . a behavior problem and just one of his misbehaviors happens to be that every now and then he will use drugs." The court acknowledged that the residential services department believed the Leadership Academy was "the best fit" and would deal "with his issues better than the other programs." The court then held that it was going to follow the residential services department's recommendation and placed R.A.N. on probation in the Leadership Academy for eighteen months.

R.A.N. asserts that the evidence showed that he "[c]learly needed drug treatment and thus commitment to the Leadership Academy . . . was not in his best interest." He argues that the

3

trial court's decision "in not giving appellant the drug treatment which he needed goes against" the juvenile justice system's goal of rehabilitation and was an abuse of discretion. We disagree.

A trial court has broad discretion to decide the suitable modification of disposition for a juvenile who has been adjudicated delinquent. *In re E.D.*, 127 S.W.3d 860, 862-63 (Tex. App.—Austin 2004, no pet.). We will not disturb the court's determinations in a modification proceeding unless the record reflects a clear abuse of discretion, which occurs if the court acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id*. at 863.

When R.A.N. was adjudicated for the subject offense, the probation department recommended that he be placed at the Leadership Academy. The residential services department interviewed him and recommended the Leadership Academy instead of drug treatment. The trial court noted its concerns about whether R.A.N.'s problems were behavioral, with drug abuse being one of his misbehaviors of choice, or related to drug addiction and then opted to follow the experts' recommendation that he be sent to the Leadership Academy. Based on the record before us, we cannot hold that this decision was an abuse of the trial court's broad discretion in deciding when and how to modify a juvenile's disposition. *See id*. We affirm the trial court's modification order.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: July 3, 2008