



## MEMORANDUM OPINION

No. 04-10-00368-CV

### IN THE MATTER OF J.L.S.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-02167
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 8, 2010

AFFIRMED

J.L.S.[1] appeals the trial court's order modifying his disposition and committing him to the

Texas Youth Commission (TYC). We affirm the order of the trial court.

### BACKGROUND

In August 2009, J.L.S., a juvenile, stipulated to committing the offense of possession of a

prohibited weapon on school premises. *See* TEX. PENAL CODE ANN. § 46.03(a)(1) (West 2009).

Pursuant to his plea agreement, the trial court placed J.L.S. on probation for nine months, in the

care of his mother. In January 2010, the State filed an Original Motion to Modify Disposition,

---

[1] To protect the privacy of the parties in this case, we identify J.L.S. by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008).

alleging that J.L.S. violated several conditions of his probation by bringing a knife to school and using it to threaten another student, A.O. J.L.S. pleaded true to the State's allegations, and the trial court found that his actions violated two conditions of probation. Despite the probation department's recommendation that J.L.S. be placed in a residential placement facility, the trial court committed him to TYC.

## MODIFICATION OF DISPOSITION

Where a juvenile's prior disposition is based on a finding that the juvenile engaged in a felony offense, the trial court may modify the disposition and commit the juvenile to TYC if the trial court finds that the juvenile violated one probation condition. *See In re J.A.D.*, 31 S.W.3d 668, 671 (Tex. App.—Waco 2000, no pet.); *see also* TEX. FAM. CODE ANN. § 54.05(f) (West 2006). The juvenile court has broad powers and discretion in granting modification orders. *In re E.D.*, 127 S.W.3d 860, 862–63 (Tex. App.—Austin 2004, no pet.). We review an order committing a juvenile to TYC under an abuse of discretion standard. *In re T.K.E.*, 5 S.W.3d 782, 784 (Tex. App.—San Antonio 1999, no pet.). A trial court abuses its discretion when it "acts unreasonably or arbitrarily and without reference to guiding rules and principles." *In re K.J.N.*, 103 S.W.3d 465, 465–66 (Tex. App.—San Antonio 2003, no pet.).

J.L.S. stipulated that he violated three conditions of his probation, and the trial court found, "Probation provided numerous services and [J.L.S.] continues to . . . violate . . . conditions of probation." J.L.S. argues that the only reason the trial court committed him to TYC was that his leadership of a gang legitimized A.O.'s concern that J.L.S. would continue to threaten her. J.L.S. argues that the evidence was insufficient to find that he was the leader of a gang. However, the trial court's finding that J.L.S. was the leader of a gang was based on J.L.S.'s statement to a police officer that he was, in fact, the leader of the gang. Additionally, the

trial court's order was not exclusively based on J.L.S.'s gang leadership because the trial court also found that, despite the services offered by his probation, J.L.S. continued to violate his probation conditions. *See In re K.J.N.*, 103 S.W.3d at 465–66; *In re J.A.D.*, 31 S.W.3d at 671.

## CONCLUSION

The record supports the findings required by Section 54.05(f) of the Texas Family Code that are necessary to enable a trial court to modify J.L.S.'s disposition to commit him to TYC. Therefore, the order of the trial court is affirmed.

Rebecca Simmons, Justice