# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00857-CV

### In the Matter of N. A. M.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-27,519, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The juvenile court found that N.A.M. had engaged in conduct indicating a need for supervision due to her absence from home without her parent's permission. *See* Tex. Fam. Code Ann. § 51.03(b)(3) (West 2008). The trial court placed N.A.M. on probation in the custody of her mother. Subsequently, the State filed a motion to modify N.A.M.'s conditions of probation based on alleged curfew violations, failure to attend school, and failure to report to her probation officer. N.A.M. pleaded "true" to her alleged failure to attend school. The trial court found that N.A.M. had violated conditions of her probation and amended her conditions of probation to place her in an Intermediate Sanctions Center. *See id.* § 54.05 (West 2008). On appeal, N.A.M. contends that the trial court abused its discretion in placing her in the Intermediate Sanctions Center given the statutory preference for keeping children in their homes. *See id.* § 51.01(5) (West 2008). We affirm the judgment.

## BACKGROUND

On June 28, 2010, the State filed a petition alleging that then fifteen-year-old N.A.M. had engaged in conduct which indicated a need for supervision.[1] *Id.* § 51.03(b)(3). The petition alleged that N.A.M. had been "voluntarily absent from home without the consent of [her] parent or guardian[] for a substantial length of time," i.e., that she ran away from home. On August 25, 2010, N.A.M. pleaded true to the allegation and the trial court held that she had engaged in conduct indicating a need for supervision. On August 27, 2010, the court placed N.A.M. on six months' probation in the custody of her mother. The terms of probation required, among other things, that N.A.M. (1) attend school, (2) be in her house by 6:30 p.m., (3) submit to urinalysis, (4) report to a probation officer, and (5) participate in family counseling.

On September 21, 2010, less than one month after N.A.M. was placed on probation, the State moved to modify the court's previous disposition based on violations of conditions of probation. *Id.* § 54.05(j). The State alleged that N.A.M. had violated curfew, failed to attend school, and failed to report to her probation officer. In accordance with a plea agreement, N.A.M. pleaded true to failing to attend school; the State waived the remaining alleged violations. The trial court found that N.A.M. had violated a condition of her probation and proceeded immediately to a disposition hearing.

At the disposition hearing, the trial court took judicial notice of the entire court file. The State then proceeded to introduce the testimony of N.A.M.'s probation officer. The probation

---

[1] The facts recited herein are taken from the testimony and exhibits admitted at the hearing to modify N.A.M.'s probation and the disposition hearing.

2

officer testified that she recommended that N.A.M. be placed in the Travis County Juvenile Court Intermediate Sanctions Center (ISC) for substance abuse and behavioral treatment. The probation officer noted that N.A.M. had violated curfew, missed school, failed to participate in family counseling, and tested positive for marijuana use. The probation officer further stated that N.A.M. was pregnant, and that given her conditions at home,[2] her past drug use, and her history of running away, ISC was the only facility that could ensure N.A.M. received adequate prenatal care. The probation officer stated that if N.A.M. delivered her child before she was released from ISC, the child would likely be placed with N.A.M.'s mother or another relative.

After the State rested, N.A.M.'s mother addressed the court. She stated that she wanted her child to come home but that she thought ISC might help her. She further acknowledged that N.A.M. had promised not to run away in the past but had continued to do so. Finally, she stated that given N.A.M.'s tendency to run away, the welfare of N.A.M.'s future child was a concern. The court admonished N.A.M.'s mother that if N.A.M. ran away with her child then Child Protective Services would become involved.

On November 23, 2010, the trial court entered an order modifying its original judgment and placing N.A.M. on probation in ISC until she is successfully discharged. *See id.* § 54.05(j), (m). The court made affirmative findings that (1) it was in N.A.M's best interest that she be placed in ISC; (2) "[a]ll reasonable efforts were made to prevent [N.A.M.'s] removal from home"; and (3) N.A.M's home cannot "provide the quality of care and level of support and supervision" that N.A.M. requires. This appeal followed.

---

[2] N.A.M., along with her mother and three siblings, slept in the living room of N.A.M.'s aunt's home. N.A.M.'s mother was unemployed and she often stayed with a boyfriend.

## DISCUSSION

In her sole issue on appeal, N.A.M. claims that the trial court abused its discretion by placing her in ISC. N.A.M. states that section 51.01(5) of the Texas Family Code makes it clear that a child should be separated from her parent "only when necessary for the child's welfare." N.A.M. argues the trial court's order placing her in ISC violates this principle because (1) it unnecessarily separates her from her parents and (2) it may unnecessarily separate her from her unborn child. Therefore, N.A.M. claims that the court abused its discretion because N.A.M.'s placement in ISC violates section 51.01(5) of the Texas Family Code.

Juvenile courts have broad authority to determine the disposition of juveniles who have been found to be delinquent, "particularly in a proceeding to modify a disposition." *In re E.D.*, 127 S.W.3d 860, 862–63 (Tex. App.—Austin 2004, no pet.) (citations omitted). "Accordingly, we will not disturb the juvenile court's findings regarding the modification of a disposition absent a clear abuse of discretion." *Id.* at 863. A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Therefore, an appellate court may not "reverse for abuse of discretion merely because it disagrees with the decision of the trial court." *Id.*

Section 54.05 of the Texas Family Code governs a trial court's modification of a previous disposition. A modification hearing involves two steps. *In re E.D.*, 127 S.W.3d at 864. First, the trial court must determine "by a preponderance of the evidence that a child violated a reasonable and lawful condition of probation." Tex. Fam. Code Ann. § 54.05(j). Second, if the trial

4

court finds that there was a violation, the court may then consider the testimony of probation officers and other witnesses to determine the best interest of the child. *Id.* § 54.05(e). However, in order to place a child on probation outside of the child's home, the court must make the following affirmative findings:

> (A) it is in the child's best interest to be placed outside the child's home;
>
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and
>
> (C) the child, in the child's home, cannot be provided the quality of care and level of support that the child needs to meet the conditions of probation.

*Id.* § 54.05(m)(1).

Given her plea of true, N.A.M. does not argue that the trial court abused its discretion in finding that she violated a reasonable and lawful condition of her probation. *See In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.) ("A plea of true to a violation of a probation and a stipulation to the evidence are analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence."). Therefore, the trial court satisfied the first step in the modification hearing. *See* Tex. Fam. Code Ann. § 54.05(j); *see also In re E.D.*, 127 S.W.3d at 864.

Furthermore, the trial court made the findings required to place N.A.M. on probation outside of her home. *See* Tex. Fam. Code Ann. § 54.05(m)(1); *In re E.D.*, 127 S.W.3d at 864. The trial court found that (1) probation in ISC was in N.A.M.'s best interest; (2) reasonable efforts were

5

made to avoid separating N.A.M. from her home; and (3) N.A.M.'s home life did not provide the quality of care and level of support she needed. N.A.M. does not allege that the evidence was insufficient to support the trial court's findings. Given the evidence, we conclude that the trial court's findings are supported by the record, and thus the second step in the modification hearing was satisfied. *See* Tex. Fam. Code Ann. § 54.05(m)(1); *see also In re E.D.*, 127 S.W.3d at 864.

N.A.M. asserts that the court's decision to place her in ISC doubly offends the principle set out in section 51.01(5) because it (1) unnecessarily separates her from her home and (2) unnecessarily separates her child from her. While section 51.01(5) states the statutory preference for keeping a child in the home, section 54.05(m) establishes the required findings that a trial court must make in order to amend a juvenile's probation to place the child outside of the home. As previously stated, the trial court made these required findings, and these findings were supported by the record. These unchallenged findings support the conclusion that separating N.A.M. from her home is "necessary for [her] welfare" as required by section 51.01(5). Therefore, we conclude that the trial court did not abuse its discretion in determining that it was necessary to place N.A.M. in ISC despite the fact that it would separate her from her home.

In addition, we conclude that the trial court did not abuse its discretion by placing N.A.M. in ISC even though it will likely result in her separation from her child. A juvenile who is already a parent is not shielded from probation outside of the home merely because it would result in separation from her child. *See, e.g.*, *In re O.M.*, No. 03-05-00165-CV, 2006 Tex. App. LEXIS 9327, at *1–4 (Tex. App.—Austin Oct. 25, 2006, no pet.) (mem. op., not designated for publication) (affirming commitment to Texas Youth Commission of juvenile whose girlfriend was pregnant);

6

*In re J.D.T.C.*, No. 08-03-00179-CV, 2004 Tex. App. LEXIS 3025, at *7–8 (Tex. App.—El Paso Apr. 1, 2004, no pet.) (mem. op., not designated for publication); *Lewis v. State*, No. 05-95-00669-CV, 1996 Tex. App. LEXIS 753, at *4–5 (Tex. App.—Dallas Feb. 27, 1996, no pet.) (mem. op., not designated for publication) (affirming commitment to Texas Youth Commission of juvenile who was eight months' pregnant). Thus, while a court may, and likely should, consider the effect that placing a juvenile parent on probation outside of the home will have on the probationer's child, N.A.M.'s status as a future parent does not support her claim that the trial court must have abused its discretion in placing her in ISC. *See* Tex. Fam. Code Ann. § 54.05(e) (listing evidence that court may consider in determining best interest of child). The trial court heard evidence that N.A.M. was continuing to run away from home, that she had used narcotics, and that placement in ISC was the only option that would ensure that N.A.M. received adequate prenatal care. Based on this evidence, the record supports the trial court's findings that N.A.M.'s placement in ISC is necessary. Therefore, we conclude that the trial court did not abuse its discretion. N.A.M.'s sole issue is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 3, 2012

7