

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00666-CV

**IN THE MATTER OF A.K.A.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2012JUV01430
The Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

Appellant A.K.A. appeals the trial court's order modifying his disposition and committing him to the custody of the Texas Juvenile Justice Department. Concluding that the trial court did not abuse its discretion by committing appellant to the TJJD, we affirm.

### BACKGROUND

In 2012, the State alleged that appellant, when he was fifteen-years old, had engaged in delinquent conduct—specifically, one count of aggravated sexual assault and one count of indecency with a child. Appellant pled true to the allegation of indecency with a child, and the State abandoned the other allegation. After considering the stipulated evidence, the trial court found that appellant had engaged in delinquent conduct.

At the disposition hearing,[1] the trial court placed him on probation outside the home and committed him to the custody of the Bexar County Juvenile Probation Department until his eighteenth birthday. Condition 23 of appellant's probation required him to cooperate fully and obey all the rules of the residential placement facility where he was placed and to remain at such facility until he completed a treatment program for sex offenders. Condition 27 of his probation required him to comply with section 54.0405 of the Texas Family Code by attending and completing sex offender treatment and counseling, submitting a DNA sample, submitting to polygraph exams, and having his parents actively participate in his treatment sessions. *See* TEX. FAM. CODE ANN. § 54.0405 (West 2014). Appellant was placed at the Judge Ricardo H. Garcia Post-Adjudication Facility to participate in its rehabilitation program. Appellant was discharged from the facility after seven months because he did not successfully complete the program.

In August 2013, the State moved for the trial court to modify appellant's disposition, alleging that appellant had violated the terms of his probation and requesting the trial court to commit him to the TJJD. Appellant pled true to two of the State's allegations. The trial court held a hearing, and after considering the stipulated evidence and arguments of counsel, it found that appellant had violated the terms of his probation and modified his disposition to commit him to the TJJD.

## DISCUSSION

On appeal, appellant argues that the trial court abused its discretion when it committed him to the TJJD because the record indicates that a continuation of probation would have been a more appropriate disposition.

---

[1] "'Disposition' is a euphemism for sentencing and is used to honor the non-criminal character" of juvenile justice proceedings. *In re K.T.*, 107 S.W.3d 65, 67 (Tex. App.—San Antonio 2003, no pet.) (en banc) (quoting *In re C.S.*, 804 A.2d 307, 309 n.2 (D.C. App. 2002)) (internal alterations omitted).

The trial court may modify its original disposition in a juvenile justice proceeding and commit the juvenile to the TJJD if: (1) the juvenile was originally found to have committed a felony; and (2) after a hearing to modify the disposition, the court finds that the juvenile violated a reasonable and lawful court order. TEX. FAM. CODE ANN. 54.05(f) (West 2014); *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004). The trial court originally found that appellant had engaged in delinquent conduct by committing indecency with a child—a felony offense. *See* TEX. PENAL CODE ANN. § 21.11(d) (West 2011). Appellant's subsequent plea of true to violations of the conditions of his probation and his stipulation to the evidence supporting his plea are analogous to a judicial confession that justified a finding that appellant had violated a reasonable and lawful court order. *See In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1998, no pet.); *In re N.I.N.*, No. 04-11-00464-CV, 2011 WL 6739579, at *2 (Tex. App.—San Antonio Dec. 21, 2011, no pet.) (mem. op.). Thus, the trial court was authorized to modify appellant's disposition and commit him to the TJJD's custody. *See In re J.P.*, 136 S.W.3d at 633.

The trial court's decision to modify a juvenile's disposition to commit them to the TJJD is discretionary, and subject to review for abuse of that discretion. *In re J.P.*, 136 S.W.3d at 633. The trial court has broad discretion in determining a suitable disposition for a juvenile who has been adjudicated to have engaged in delinquent conduct, particularly in a proceeding to modify a disposition. *In re E.D.*, 127 S.W.3d 860, 862–63 (Tex. App.—Austin 2004, no pet.). The trial court abuses its discretion if it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Id.* at 863. Although most of the trial court's decisions under the Family Code are guided by consideration of the juvenile's best interest, the best interests of juveniles who engage in serious and repeated delinquent conduct are superseded to the extent they conflict with public safety. *In re J.P.*, 136 S.W.3d at 633; *see* TEX. FAM. CODE ANN. § 51.01 (West 2014).

The record reflects that, although appellant successfully participated in many of the detention facility's rehabilitation programs, he failed to successfully complete his sex-offender therapy, and he was discharged from the program and the facility for that failure. Appellant failed three polygraph tests relating to his sex-offender-therapy sessions. After he failed his second polygraph test, his probation officer met with him and told him that he needed to be truthful during his sessions. The officer informed appellant that he would seek to revoke appellant's probation if he continued to lie because lying would prevent him from successfully completing sex-offender therapy. Appellant then failed a third polygraph test and did not admit that he was lying until after he was confronted with the results, at which point he admitted that he had been repeatedly lying throughout therapy. For instance, appellant admitted that he lied about not having intercourse with his victim. Appellant would also lie to his therapist about what questions he was asked in the polygraph tests and what answers he gave the polygraph examiner. For instance, after the third polygraph test, he told his therapist that he had lied to the polygraph examiner by denying that he continued to have sexual fantasies about his victim. However, when the therapist reviewed the polygraph results, they showed that appellant had actually admitted to the examiner that he continued to have sexual fantasies about the victim. Due to appellant's constant lies, his therapist concluded that appellant "was a counseling failure." His caseworker recommended that appellant be committed to the TJJD because it has "an excellent sex offender treatment program." His therapist and probation officer also recommended committing appellant to the TJJD.

At the modification hearing, the trial court found that appellant's commitment to the TJJD was appropriate because appellant's delinquent conduct was of a serious nature, appellant had violated the terms of his probation, and the appellant had failed his treatment program.

On appeal, appellant argues that the trial court should have placed him back on probation because he had a generally successful stay at the detention facility. He further argues that he should

have been sent to the Pegasus School, a residential treatment facility offering a program specifically aimed at rehabilitating adolescent sex offenders. He argues that this disposition would be far less restrictive than commitment to the TJJD and would appear to promote the same result. He points out that the facility where he had been placed did not have a special unit designated for sex offenders. Appellant argues that because the trial court declined to place him in a less restrictive environment that would meet his needs and protect the public equally as well as commitment to the TJJD, the trial court abused its discretion.

"The Texas Family Code permits a trial court to decline third and fourth chances to a juvenile who has abused a second chance." *In re J.R.C.*, 236 S.W.3d 870, 875 (Tex. App.—Texarkana 2007, no pet.) (citing *In re J.P.*, 136 S.W.3d at 633). The trial court did not need to "exhaust all possible alternatives" before committing appellant to the TJJD on a motion to modify appellant's disposition. *See id.* (citing *In re M.A.*, 198 S.W.3d 388, 391 (Tex. App.—Texarkana 2006, no pet.)); *In re N.I.N.*, 2011 WL 6739579, at *3. Although appellant suggested commitment to the Pegasus School as an alternative to commitment to the TJJD, there is nothing shown by this record that would require the trial court commit appellant to the Pegasus School rather than the TJJD. *See In re J.R.C.*, 236 S.W.3d at 875.

On the contrary, appellant's failure to successfully participate in and complete sex-offender therapy was not merely a trivial infraction of the terms of his probation. *Cf. In re J.P.*, 136 S.W.3d at 632 (suggesting that a trial court may abuse its discretion if it removes a juvenile from his home and commits him to the TJJD for a trivial infraction of his probation). The requirement that appellant complete sex-offender therapy was imposed in order to correct the actions and behaviors that led to appellant's adjudication for delinquent conduct. His failure to successfully complete that therapy implicates public-safety concerns and supports the trial court's determination that public safety would be better served if appellant continued his rehabilitation while in the TJJD.

Thus, the record justifies the trial court's exercise of its discretion to commit appellant to the TJJD, and appellant has failed to show that the trial court acted without reference to the relevant guiding rules or principles in choosing to exercise that discretion.

## CONCLUSION

We affirm the trial court's order modifying appellant's disposition.

Luz Elena D. Chapa, Justice