285 S.W.3d 53 (2009)
In the Matter of C.J.
No. 01-08-00431-CV.
Court of Appeals of Texas, Houston (1st Dist.).
February 5, 2009.
Gary M. Polland, Houston, TX, for Appellant.
David C. Newell, Assistant District Attorney, Kenneth Magidson, Harris County District Attorney, Houston, TX, for Appellee.
Panel consists of Judges TAFT, BLAND, and SHARP.

OPINION
JANE BLAND, Justice.
The State filed a petition alleging that C.J., a juvenile, had engaged in delinquent conduct by striking another boy with his hand. C.J. pleaded not true to the allegation. The trial court found the allegation true, and it placed C.J. on probation, in the custody of his mother, until his eighteenth birthday. C.J. appeals, contending that the evidence is legally and factually insufficient to support the allegation. We conclude that the evidence is legally and factually sufficient to support the trial court's findings and therefore affirm.

Background
The complainant, T.J., is a student at Cullen Middle School. One afternoon, after classes were finished for the day, T.J. headed toward a Metro bus stop. As he walked past Foster Elementary School, someone approached him from behind and hit him in the back of the head with a fist. He turned around and saw C.J. standing in *54 front of him.[1] C.J. continued to hit him, and T.J. also sustained injuries on the side of his face and his ribs. T.J. testified that he did not know C.J.'s name at the time of the fight, but he learned his name at school the next day. At trial, T.J. identified C.J. as his attacker.
J. Jackson, an officer with the Houston Independent School District Police stationed at Cullen, testified that he responded to a disturbance outside Foster Elementary School. When he arrived, he saw a large group of students gathered around two boys, whom he identified as T.J. and C.J. The group scattered, and Officer Jackson saw T.J. stepping backward, away from C.J., who was swinging at T.J. He saw C.J. strike T.J. three times in the head, and T.J. did not fight back. T.J. ran toward the police car and said that he had been jumped. Officer Jackson put T.J. in the back of his police car for safety, and then called to C.J., who he knew from his station at Cullen, to come to the car. Instead, C.J. ran away, and Officer Jackson and an arriving police officer circled the block, stopped C.J., and placed him in custody. Officer Jackson further testified that during an interview, T.J. identified C.J. as the person who hit him.
C.J. testified at trial that he was walking home from school when T.J., another boy, and that boy's aunt approached C.J. and his friends and wanted to fight them. C.J. claimed that T.J. tried to hit him, but he ducked and then hit T.J. in self-defense. He testified that after he hit T.J., he walked away and was already around the corner by the time that the police officer arrived.

Discussion
C.J. contends that the evidence is legally and factually insufficient to support the trial court's finding of delinquency. The rules of civil procedure govern juvenile delinquency cases. TEX. FAM.CODE ANN. § 51.17(a) (Vernon 1991); In re M.R., 858 S.W.2d 365, 365 (Tex.1993), cert. denied, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994); In re S.D.W., 811 S.W.2d 739, 749 (Tex.App.-Houston [1st Dist.] 1991, no pet.).

Preservation
Rule 324(b) provides that to preserve a factual insufficiency point of error, the party seeking relief must file a motion for new trial complaining of the insufficiency. S.D.W., 811 S.W.2d at 739; TEX.R. CIV. P. 324(b) (1998). C.J. did not challenge the legal or factual sufficiency of the evidence in his motion for new trial. We hold that C.J. need not have raised his factual sufficiency complaint in the trial court to preserve it for our review.
Whether or not a motion for new trial is necessary to preserve factual sufficiency review is somewhat contested. Based on In re M.R., many courts have found that factual sufficiency must be alleged in the motion for new trial to preserve the error. M.R., 858 S.W.2d at 366. However, the Supreme Court decided M.R. before the advent of factual sufficiency review in criminal cases. In Clewis v. State, decided after M.R., the Court of Criminal Appeals held that a criminal defendant has a right to factual sufficiency review of a conviction. Clewis v. State, 922 S.W.2d 126, 136 (Tex.Crim.App.1996). Thereafter, the Court of Criminal Appeals further held that an appellate claim concerning *55 the sufficiency of the evidence did not need to be raised in a motion for directed verdict or motion for new trial before it could be raised on appeal. Moff v. State, 131 S.W.3d 485, 488-89 (Tex. Crim.App.2004). Thus, our sister court has determined that, because the juvenile justice system is more closely related to the adult criminal justice system than the civil system, juveniles should have the same right to appeal factual sufficiency now that the Court of Criminal Appeals has granted that right to adults, despite the fact that juvenile appeals are determined under civil law. In re J.L.H., 58 S.W.3d 242, 245-46 (Tex.App.-El Paso 2001, no pet.). We use the criminal standard of review in juvenile cases, despite the fact that they are technically civil cases. See In re J.B.M., 157 S.W.3d 823, 826 (Tex.App.-Forth Worth 2005, no pet.) (holding that the criminal standard of review is appropriate for a legal sufficiency challenge). Recognizing the underlying constitutional principals at play, the Texas Supreme Court has held that juveniles don't need to first raise in the trial court the complaint that the trial court failed to give adequate admonishments because juvenile cases are "quasi-criminal." In re C.O.S., 988 S.W.2d 760, 763 (Tex.1999). Following Clewis and Moff, we hold that because of the quasi-criminal nature of juvenile cases, a complaint about factual sufficiency need not be presented in a motion for new trial in a juvenile adjudication of delinquency to preserve it for appeal. See Clewis, 922 S.W.2d at 136; Moff, 131 S.W.3d at 488-89. Thus, we consider both the legal and factual sufficiency of the evidence.

Legal Sufficiency
Although the appeals of juvenile cases are generally treated as civil cases, we use the criminal standard of review for legal sufficiency. J.B.M., 157 S.W.3d at 826. When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App.2005). The standard is the same for both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this was the function of the trier of fact. See Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App.1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Here, C.J. challenges the trial court's failure to find that he acted in self-defense.
A defendant has the burden of producing some evidence to support a claim of self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App.2003). Once the defendant produces that evidence, the State bears the burden of persuasion to disprove the raised defense beyond a reasonable doubt. Id. When reviewing the legal sufficiency of the evidence concerning the fact-finder's rejection of self-defense, we examine whether any rational trier of fact could have found against the defendant beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex.Crim. App.1991).
Here, both T.J. and Officer Jackson testified that C.J. had hit T.J. with his hand, intentionally and knowingly causing bodily injury to T.J. consistent with the elements of assault, and that T.J. did not provoke or further escalate the fight. See TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 2007). *56 C.J. admitted to hitting T.J. at trial, although he claimed it was in self-defense. The trial court was free to resolve the conflict of fact and weigh the credibility of the witnesses. Dewberry, 4 S.W.3d at 740. Viewing the evidence in the light most favorable to the verdict, the trial court reasonably could have believed the testimony of T.J. and Officer Jackson and discredited C.J.'s testimony. Accordingly, we hold that legally sufficient evidence exists to prove assault because a rational trier of fact could have found against C.J. on the self-defense issue beyond a reasonable doubt.

Factual Sufficiency
We evaluate the factual sufficiency of the evidence under the criminal law standard. J.L.H., 58 S.W.3d at 245-46. When evaluating factual sufficiency, we consider all the evidence in a neutral light to determine whether the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. Watson v. State, 204 S.W.3d 404, 414 (Tex.Crim.App.2006). We will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). Under the first prong of Johnson, we cannot conclude that a verdict is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. Watson, 204 S.W.3d at 417. Under the second prong of Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the factfinder's resolution of that conflict. Id. Before finding that evidence is factually insufficient to support a verdict under the second prong of Johnson, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the verdict. Id. We must also discuss the evidence that, according to the appellant, most undermines the verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).
The only evidence presented at trial was the testimony of T.J., Officer Jackson, and C.J. C.J.'s testimony that he acted in self-defense is the evidence that most undermines the guilty verdict. However, viewing all of the evidence in a neutral light, we cannot say that the verdict was against the great weight and preponderance of the evidence, clearly wrong, or manifestly unjust. Even with C.J.'s testimony that he acted in self-defense, T.J. and Officer Jackson's testimony was factually sufficient to support the trial court's verdict.

Conclusion
We hold that C.J. need not have challenged the factual sufficiency of the evidence in the trial court to raise that challenge on appeal, and that legally and factually sufficient evidence exists to support the finding of delinquency based on assault. We therefore affirm.
NOTES
[1] T.J. testified that he had been warned earlier in the day that someone from the Young Knockout Boys (YKB) gang was going to beat him up. According to the police officer's testimony, C.J. is known around the school to be a member of YKB. The officer also testified that T.J. told him that he had been jumped because he was trying to become a member of the YKB gang.