# NO. 12-08-00406-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE MATTER OF D.A.B.,* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW #1* |
| *A JUVENILE* | § | *ANGELINA COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

D.A.B. appeals from a juvenile court order committing him to the Texas Youth Commission for a determinate sentence of ten years. In three issues, D.A.B. argues that the testimony of accomplices is not corroborated and that the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

### BACKGROUND

The State filed a petition alleging that D.A.B. engaged in delinquent conduct by committing aggravated robbery. D.A.B. denied the allegations and elected to have a jury decide the case. The evidence at trial showed that D.A.B. was smoking marihuana with P.M., another juvenile, and Jermaine Johnson at P.M.'s house when Johnson proposed that the young men commit a robbery. Shortly thereafter, Johnson and another man robbed Calvin Henson at a nearby gas station. P.M. did not participate directly in the robbery. He was to be a lookout, but he testified that he merely watched the robbery. D.A.B. and Johnson agree that the second robber is known by the nickname "Debo." Johnson told the police that D.A.B. is "Debo," while D.A.B. claims "Debo" is another person, whom he knows only by the nickname.

After the robbery, the three men ran back to P.M.'s house. The police responded quickly and were flagged down by a neighbor who told them that she had seen three young men run into P.M.'s house. She also said that one of them was carrying a rifle. From their conversation with her, the officers concluded that the young men had been running from the direction of the robbery. The officers surrounded P.M.'s house, entered, and arrested P.M., Johnson, and D.A.B.–the only people inside the house. D.A.B. was sweating profusely when he was arrested. Inside the house, the officers found the weapons used in the robbery and $41 that they believed to have been taken in the robbery. Further, P.M.'s neighbor said she had watched the house from the time the three young men ran into it and did not see anyone leave the house before the officers arrived.

Johnson confessed to participating in the robbery. D.A.B. contends he told his friends that he did not want to participate in the robbery. Instead, he continued doing drugs and watching a movie until he fell asleep. His sleep was interrupted, he testified, when he was awakened by police officers.

The jury found that D.A.B. had engaged in delinquent conduct, as alleged, and that he should be committed to the Texas Youth Commission for a determinate sentence of ten years. This appeal followed.

### ACCOMPLICE TESTIMONY

In his first issue, D.A.B. argues that the judgment must be set aside because the accomplice testimony is not sufficiently corroborated by other evidence.

**Applicable Law**

A juvenile adjudication can be supported by the testimony of an accomplice, but the adjudication must be corroborated by evidence other than the accomplice testimony. Specifically, section 54.03(e) of the Texas Family Code states as follows:

> An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice witness unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct.

TEX. FAM. CODE ANN. § 54.03(e) (Vernon 2008).[1]  The corroborating evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt, but it must do more than merely show the commission of the offense.  *See Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  The requirement of corroborating evidence is fulfilled if the combined weight of the nonaccomplice evidence tends to connect the defendant to the offense.  *See Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  The corroborating evidence may consist of circumstantial evidence, *see Gosch v. State*, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991), and even apparently insignificant incriminating circumstances may be satisfactory corroborating evidence.  *See Trevino v. State*, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999).

To evaluate whether there is sufficient corroborating evidence, we eliminate the accomplice testimony from our consideration and examine the record to ascertain whether the remaining evidence tends to connect the defendant with the offense.  *See McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997).  The accomplice witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards. *See Vasquez*, 67 S.W.3d at 236.

**Analysis**

Johnson was D.A.B.'s accomplice as a matter of law because he was indicted for the same robbery that D.A.B. was alleged to have committed.  *See Burns v. State*, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985).  We assume, without deciding, that P.M. also was D.A.B.'s accomplice.  The evidence, other than the testimony of Johnson and P.M., that tends to connect D.A.B. to the offense is as follows:

1)  D.A.B. admitted that he was present at P.M.'s house before the robbery and that he heard his friends discuss committing a robbery.

2)  P.M.'s neighbor saw three young men run into P.M.'s house with one of them carrying a long gun.  P.M.'s neighbor observed the house until the police surrounded it, and P.M. never saw anyone leave the house.  When the police entered

---

[1] Article 38.14 of the Texas Code of Criminal Procedure contains a similar provision for criminal cases, stating that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).

the house, only three individuals were in the house, D.A.B., Johnson, and P.M.

3) Even though D.A.B. claimed to have been sleeping, he was sweating profusely when the police entered P.M.'s house only minutes after the robbery.

4) The weapons used in the robbery and the money taken from the victim were found in P.M.'s house.

5) D.A.B. matched the basic description of the other robber given by the victim.

We view the evidence in the light most favorable to the jury's verdict. *See Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). In that light, the evidence in this case goes beyond simply placing D.A.B. at the scene of the offense. He matched the general description of the second robber. He was sweating profusely mere minutes after the robbery as though he had been running. And he was one of three men found in P.M.'s house minutes after a neighbor had seen three men running from the direction of the robbery, carrying a rifle, and entering the house. This nonaccomplice evidence tends to connect Appellant to the crime. Accordingly, we overrule D.A.B.'s first issue.

## SUFFICIENCY OF THE EVIDENCE

D.A.B. also contends that the evidence was legally and factually insufficient to support the jury's verdict. Specifically, he contends that Johnson's cousin, "Debo," was the second robber.

### Standards of Review

The due process guarantee of the Fourteenth Amendment requires that a criminal conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Though appeals of juvenile cases are generally treated as civil matters, adjudications of delinquency are based on the criminal standard of proof, and we review the sufficiency of the evidence as we would in a criminal case. *See* TEX. FAM. CODE ANN. § 54.03(f); *In re C.M.G.*, 180 S.W.3d 836, 838 (Tex. App.–Texarkana 2005, pet. denied); *In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.–Tyler 1999, no pet.) (citing *In re T.D.*, 817 S.W.2d 771, 777 (Tex. App.–Houston [1st Dist.] 1991, writ denied)). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that no rational trier of fact could have found the essential elements of the

4

offense beyond a reasonable doubt.  *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires further review of the factual sufficiency of the evidence.  ***Clewis v. State***, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996).[2]  In conducting a factual sufficiency review of the evidence, we must first assume that the evidence is legally sufficient.  ***Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We review the factual sufficiency of the evidence to determine whether, considering all the evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust.  *See **Watson v. State***, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. 2006).  A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust."  ***Ortiz v. State***, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002).  A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias."  ***Jones v. State***, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

The fact that we might harbor a subjective level of reasonable doubt is not enough to overturn a conviction that is founded on legally sufficient evidence.  *See **Watson***, 204 S.W.3d at 417. Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, *see **Clewis***, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony.  ***Santellan***, 939 S.W.2d at 164.  Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive.  ***Van Zandt v. State***, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd).  A jury is in the best position to evaluate the credibility of witnesses, and we are required to afford "due deference" to the jury's determination.  ***Marshall v. State***, 210

---

[2] D.A.B. raised the issue of the sufficiency of the evidence in a motion for new trial, and the State does not argue that the issue of the factual sufficiency is not preserved.  *Compare **In re M.R.***, 858 S.W.2d 365, 366 (Tex. 1993) (pursuant to Texas Rule of Civil Procedure 324(b), issue of factual sufficiency of the evidence may not be raised for the first time on appeal of juvenile adjudication), *with **In re C.J.***, 285 S.W.3d 53, 55 (Tex. App.–Houston [1st Dist.] 2009, no pet.), *and **In re J.L.H.***, 58 S.W.3d 242, 246 (Tex. App.–El Paso 2001, no pet.) (issue of factual sufficiency of the evidence may be raised for the first time on appeal).

S.W.3d 618, 625 (Tex. Crim. App. 2006).

The State was required to prove that D.A.B., while in the course of committing theft of property and with the intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death, and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003).

## Analysis

Substantial evidence supports the jury's verdict. Calvin Henson testified that he was robbed by two young men. He told the jury that he got a good look at one of the robbers, and he was able to identify Jermaine Johnson as that man. He did not get a good look at the other robber, identifying him as a young African American man. Johnson testified that D.A.B. was the other robber, and P.M. testified that he watched as D.A.B. and Johnson committed the robbery. Both Johnson and P.M. said that D.A.B. had a pistol during the robbery.

P.M.'s neighbor saw three young men run into P.M.'s house. Within a few minutes of the robbery, the police arrived at P.M.'s house and found D.A.B., Johnson, and P.M inside P.M.'s house. The police also found the weapons used in the robbery and Henson's money. Even though he claimed to have been sleeping, D.A.B. was sweating profusely. Finally, P.M.'s neighbor testified that she watched the house from the time the three young men ran into it until the officers arrested D.A.B., Johnson, and P.M., and she never saw anyone leave the house during that time.

There is evidence that is contrary to the verdict. D.A.B. and several members of his family testified that there is an individual who goes by the nickname of "Debo," and that D.A.B. was not "Debo." D.A.B. testified that he could be mistaken for "Debo" because they look alike. He testified that he did not leave the house to commit the robbery, but that "Debo" was present when Johnson and P.M. were discussing a robbery. There were minor inconsistencies with respect to the amount of money recovered. Johnson testified that he gave D.A.B. $20, but D.A.B. had $40 in his pocket and $65 in his wallet. D.A.B.'s grandmother testified that she and D.A.B.'s brother had given D.A.B. some money to purchase clothing.

Examining the aforementioned evidence in the light most favorable to the jury's verdict, we conclude that the jury could have determined beyond a reasonable doubt that D.A.B. is "Debo" and that he committed the offense of aggravated robbery. Thus, we hold that the evidence is legally

6

sufficient to support the trial court's judgment.

Examining the evidence in a neutral light, we reach the same conclusion regarding factual sufficiency of the evidence. The jury was entitled to conclude that D.A.B. and "Debo" were the same person, and such a conclusion is a reasonable and rational one given the evidence. After reviewing the entire record, with consideration given to all of the evidence, both for and against the jury's finding, we hold that the jury's verdict is supported by evidence that it is not so obviously weak or is otherwise so greatly outweighed by contrary proof as to render the jury's verdict clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court's judgment. We overrule D.A.B.'s second and third issues.

## DISPOSITION

Having overruled D.A.B.'s three issues, we ***affirm*** the judgment of the trial court.

  BRIAN HOYLE  

Justice

Opinion delivered August 28, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7