# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00264-CV

## In the Matter of B. L. B.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-29,443, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 21, 2009, the district court, sitting as a juvenile court, adjudged B.L.B. a child in need of supervision[1] and placed her on probation in the custody of her grandmother. *See* Tex. Fam. Code Ann. § 51.03(b) (West Supp. 2009). On February 27, the State filed a motion to modify B.L.B.'s disposition, alleging that B.L.B. had violated her probation by testing positive for tetrahydrocannabinol (THC). At the hearing on the motion to modify, B.L.B. admitted to violating the terms of her probation by testing positive for marihuana, and the juvenile court modified her disposition. In two points of error, B.L.B. asserts that the juvenile court abused its discretion by finding that she violated her probation as alleged and by placing her in the Intermediate Sanctions Center (ISC) to complete her probationary term. We will affirm the order.

---

[1] Conduct indicating a need for supervision is different from delinquent conduct. Generally speaking, conduct indicating a need for supervision involves misdemeanors that are punishable by fine only, while delinquent conduct involves offenses that are punishable by imprisonment or confinement in jail. *See* Tex. Fam. Code Ann. § 51.03(a), (b) (West Supp. 2009).

## STANDARD OF REVIEW

Juvenile courts are granted broad powers and discretion in determining a suitable disposition for a juvenile who has been adjudicated to have engaged in conduct indicating a need for supervision, especially in a proceeding to modify a disposition. *In re E.D.*, 127 S.W.3d 860, 862-63 (Tex. App.—Austin 2004, no pet.). Accordingly, we will not disturb the juvenile court's findings regarding the modification of a disposition absent a clear abuse of discretion. *Id*. at 863. The juvenile court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Id*.

A juvenile court may modify its original or a prior disposition if it finds by a preponderance of the evidence that a child violated a reasonable and lawful order of the court. Tex. Fam. Code Ann. § 54.05(f) (West 2008). The juvenile court must give specific reasons for the modification of the disposition of a juvenile. *Id*. § 54.05(i). This requirement assures that the child will be advised of the reasons for the disposition and will be in a position to challenge those reasons on appeal. *E.D.*, 127 S.W.3d at 864. Such specificity also allows an appellate court to review the reasons for the disposition and determine whether they are (i) supported by the evidence and (ii) sufficient to justify the disposition ordered. *Id*. We may reverse for an abuse of discretion if the record does not support the findings. *Id*.

## ANALYSIS

### Probation violation

In her first point of error, B.L.B. asserts that the juvenile court abused its discretion in finding that she violated a term of her probation. According to B.L.B., the State failed to prove

2

the allegation in the motion to modify.  The terms of probation included the following condition: "Do not use alcohol, inhalants, or illegal drugs and use prescription drugs only as ordered by your physician."  The motion to modify alleged that B.L.B. violated this condition by "test[ing] positive for THC on January 5, 2009 and on February 2, 2009."

At the hearing on the motion to modify, the associate judge presiding over the hearing elicited the following admissions from B.L.B.:

The Court:  . . . .  And the State is saying that you broke your probation rules in [this] case . . . by using drugs; by testing positive for THC, which is marihuana, which is an illegal drug, on January 5 and February 2, 2009.  And that breaks Rule No. 3, which says, "Do not use any illegal drugs."  Do you understand the accusation?

[B.L.B.]  Yes, sir.

. . . .

The Court:  Is it true that you were placed on probation in January with your grandmother, and you were given a set of probation rules; one of those rules was to not use any illegal drugs?

[B.L.B.]:  Yes, sir.

The Court:  Did you break that rule when you tested positive, dirty, for marihuana on January 5 and February 2, 2009?

[B.L.B.]:  Yes, sir.

The Court:  Okay.  I believe you.  I find the accusation is true.

B.L.B. contends that, although she admitted to testing positive for marihuana, the State presented insufficient evidence that she tested positive for THC.  According to B.L.B., "THC and marihuana are not the same and thus the State failed to prove the allegation in the motion to modify."

3

THC is a resin secreted from the hemp plant known as Cannabis sativa L. (marihuana). THC is the "psychoactive ingredient responsible for euphoriant and hallucinogenic properties of the plant and its products." *Few v. State*, 588 S.W.2d 578, 581 (Tex. Crim. App. 1979). THC is itself a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.103(a)(1) (West Supp. 2009) (including THC "other than marihuana" in "Penalty Group 2" of Controlled Substances Act). However, THC is excluded from the statutory definition of marihuana. *See id*. § 481.002(26)(A) (West Supp. 2009) ("Marihuana" means the plant Cannabis sativa L., . . . . The term does not include "the resin extracted from a part of the plant or a compound, manufacture, salt, derivative, mixture, or preparation of the resin; . . ."). Accordingly, possession of marihuana and possession of THC are considered separate offenses. *See Few*, 588 S.W.2d at 584 ("[M]erely alleging THC embraces not only marihuana but every other organic and synthetic substance that is found to contain THC."); *Johnson v. State*, 633 S.W.2d 687, 691 (Tex. App.—Amarillo 1982, pet. ref'd) ("We acknowledge that possession of marihuana and possession of tetrahydrocannabinol other than marihuana are separate and distinct criminal offenses.").

B.L.B. is essentially arguing that there is a variance between the State's motion to modify (alleging that she tested positive for THC) and the evidence presented at the modification hearing (B.L.B. admitting that she tested positive for marihuana). "A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). "In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Id*. When faced with a sufficiency of the evidence claim

based upon a variance between the charging instrument and the proof, only a "material" variance will render the evidence insufficient.[2] *Id*. at 257. In reviewing an alleged variance for materiality, we determine whether the charging instrument "'informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.'" *Id*. (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

However, the pleading at issue in this case is not an indictment or information charging B.L.B. with the commission of a crime. Nor is it a petition alleging that B.L.B. engaged in delinquent conduct or conduct indicating a need for supervision. Rather, it is a motion to modify the disposition of a juvenile who had already been placed on probation. A motion to modify a juvenile's disposition is similar to a motion to revoke probation. *See* Tex. Fam. Code Ann. § 54.05(f), (j) (providing that court may modify disposition if court finds by preponderance of evidence that child violated "a reasonable and lawful order of the court" or "a reasonable and lawful condition of probation") (West 2008). It is well settled that allegations in such motions need not "be in the same precise terms as would be necessary in an indictment allegation." *Bradley v. State*,

---

[2] The State treats B.L.B.'s argument as a due-process complaint and asserts that B.L.B. failed to preserve error by not objecting to the "sufficiency of the allegations during the hearing." However, Texas courts have consistently held that alleged variances between the pleading and the proof implicate evidentiary-sufficiency concerns. *See Gollihar v. State*, 46 S.W.3d 243, 246-47 (Tex. Crim. App. 2001); *Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992); *Wray v. State*, 711 S.W.2d 631, 634 (Tex. Crim. App. 1986); *Franklin v. State*, 659 S.W.2d 831, 833 (Tex. Crim. App. 1983). Moreover, "a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so." *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *see also In re C.J.*, 285 S.W.3d 53, 54-55 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (applying *Moff* to appeal from juvenile proceeding).

608 S.W.2d 652, 655 (Tex. Crim. App. 1980); *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd); *see also In re J.A.S.*, No. 13-06-00280-CV, 2008 Tex. App. LEXIS 9420, at *6 (Tex. App.—Corpus Christi Dec. 18, 2008, no pet.) (mem. op.) ("[T]he pleading requirements for a petition to modify disposition are less stringent than the pleading requirements for a petition for adjudication.") (citing Tex. Fam. Code Ann. § 54.05(d) (West 2008)). "At a hearing on an application to revoke probation, guilt or innocence is not at issue, and the trial court need not determine the defendant's original criminal culpability, only whether the probationer broke the contract made with the trial court to receive a probated sentence." *Pierce*, 113 S.W.3d at 436. Similarly, at a modification hearing, the issue is not whether the juvenile engaged in the conduct the State first accused her of committing, only whether the juvenile violated her probation. *See Murphy v. State*, 860 S.W.2d 639, 643 (Tex. App.—Fort Worth 1993, no pet.). Therefore, "[i]t is sufficient that a violation of [probation] be alleged and that fair notice be given to the probationer." *Bradley*, 608 S.W.2d at 655.

Here, the motion provided B.L.B. with notice that she was alleged to have violated the condition of her probation requiring her to refrain from using illegal drugs. B.L.B. informed the juvenile court that she understood the allegation. B.L.B. then admitted to violating her probation by testing positive for marihuana on two occasions. It is undisputed that marihuana is an illegal drug. *See* Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2009). On this record, we cannot conclude that the juvenile court abused its discretion in finding by a preponderance of the evidence that B.L.B. violated the condition of her probation requiring her to refrain from using illegal drugs. *See In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.) ("A plea of true to a

6

violation of probation and a stipulation to the evidence are analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence."); *see also Few*, 588 S.W.2d at 585 ("[W]e would observe that a motion to revoke may be a less precise pleading and possession of any THC substance is unlawful . . . . [O]nce evidence is adduced by the State at hearing on motion to revoke that the defendant possessed a THC substance whether it [be] marihuana [or some other illegal substance,] the discretion of the trial court to revoke probation is raised."). Moreover, because THC is the psychoactive ingredient in marihuana, we cannot conclude on this record that the claimed variance was material. *See Few*, 588 S.W.2d at 584 (indictment that alleges THC "embraces" marihuana).

We overrule B.L.B.'s first issue.

**Placement in Intermediate Sanctions Center**

In her second issue, B.L.B. asserts that the juvenile court abused its discretion by placing her in the ISC rather than allowing her to complete her probation at home. According to B.L.B., "the decision of the trial court to place appellant in a residential treatment program violated the guidelines set out in the Family Code." We disagree.

The family code provides that one of the "public purposes" of the juvenile justice system is to achieve its stated goals, including rehabilitation of the juvenile, "in a family environment whenever possible, separating the child from the child's parents only when necessary for the child's welfare or in the interest of public safety . . . ." Tex. Fam. Code Ann. § 51.01(5) (West 2008). The juvenile court would not have abused its discretion in finding that in this case, the removal of B.L.B. from her home was "necessary for the child's welfare."

7

The sole witness for the State at the modification hearing was B.L.B.'s probation officer, LaKeisha Whitley. Whitley testified that the Probation Department's recommendation for B.L.B. was placement in the Intermediate Sanctions Center and that this placement was in B.L.B.'s best interest. When asked why this particular placement is "better than any other placement," Whitley testified that B.L.B. has a history of running away from home. Whitley explained, "[B.L.B.] has never been at home, according to [her] grandmother. She's always arguing with her and she just takes off. . . . [B.L.B.] was stating that she was at home, but [her] grandmother told me she wasn't at home." Whitley also testified that B.L.B. "hasn't been doing well at school at all." Running down the halls, yelling, screaming, leaving the school without permission. She just wasn't going to school at all. Whitley added that B.L.B. "would get drug treatment at ISC" and benefit from "positive peer interactions" there.

After the State rested its case, B.L.B. addressed the juvenile court. She acknowledged her "history of running" and admitted that her behavior was "wrong." B.L.B. then asked the court to give her "two weeks at home" prior to placing her in the ISC so that she could prove that she was capable of changing her behavior.

B.L.B.'s grandmother, Alice Crenshaw, also addressed the juvenile court. Crenshaw informed the court that she approved of the proposed placement outside of her home. She explained,

> As much as I would like for B.L.B. to come home [for] two weeks, I still don't quite understand that. Me and my husband both feel that [B.L.B.] would do better in placement, even if it's short-term for four to six months. Simply because that would give her an opportunity to understand that there's rules that everybody has to live by.
>
> . . . .

We're fearful for [B.L.B.] because she's 13. And you know, we—we have become stressed out because of her behavior. But—but we still want to give her that opportunity to come home, but we feel that a short-term placement would be . . . more appropriate for her.

We cannot conclude on this record that the juvenile court abused its discretion in placing B.L.B. outside her home. The probation officer testified that placement in the ISC was in B.L.B.'s best interest, and B.L.B.'s grandmother approved of the placement. Although B.L.B. claimed that she could change her behavior at home, the juvenile court would not have abused its discretion in concluding otherwise. Probation at home had already been attempted and, according to B.L.B.'s probation officer, it had not been successful because B.L.B. had a tendency to run away from home. Also, by B.L.B.'s own admission, she had tested positive for marihuana during her placement at home. The juvenile court would not have abused its discretion in finding that B.L.B. had already been given an opportunity to complete her probation at home, that she had not succeeded, and that a different placement was now appropriate. *See In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004) (observing that modification statute "allows a trial court to decline third and fourth chances to a juvenile who has abused a second one").

We overrule B.L.B.'s second issue.

## CONCLUSION

We affirm the order of the juvenile court.

 

 

 
_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   May 20, 2010