**Opinion issued November 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01089-CV

————————————

## IN RE S.W., a child

———

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-03906J**

———

### MEMORANDUM OPINION

Appellant, S.W., appeals the trial court's finding that he engaged in delinquent conduct constituting the penal offense of robbery. In his sole issue on appeal, S.W. argues that the evidence was insufficient to support the trial court's finding.

We affirm.

## Background

S.W. was charged with robbery regarding an incident that occurred in Harris County on June 12, 2012. At the bench trial,[1] Deborah Lee, the complainant, testified that she was walking down the street toward a friend's house "late in the evening," or around seven in the evening, when a young man asked her to walk toward where he was standing in a store parking lot. She testified that, as she approached him, he "kind of took me and threw me down, tried to snatch my purse and then he hit me in my head" with his fist. She also testified that she was afraid and "was thinking I was going to get shot or something. . . . I thought I was gonna end up getting killed."

As the young man ran away, one of Lee's friends rode by on a bicycle. Upon learning that the man had tried to take Lee's purse and seeing the direction in which he was fleeing, the friend rode away to inform the police, who were already on the street. When Lee caught up to her friend and the police, the police had caught the young man. Lee testified that she spoke to the police at that time and recognized the person they had caught as the person who had struck her with his fist and tried to take her purse. The State asked whether the person who attempted to take her purse was in the courtroom, and she responded, "I really don't

---

[1] S.W. waived his right to a jury trial.

2

recognize him." She further stated that she could not identify him at trial because "a lot of things [had] happened to [her] since" the crime occurred.

Officer V. Zaunbrecher testified that, as he was patrolling the area where Lee was attacked around midnight or one in the morning, he saw a black male running toward him. The young man passed Officer Zaunbrecher and his partner, turned on another street, and continued running. He testified that a woman on a bicycle stopped him and reported that the man running down the street had just robbed a woman. Officer Zaunbrecher and his partner turned around to stop the running man, and Lee pointed him out as the male who had robbed her. Officer Zaunbrecher testified that S.W. told him that he never hurt Lee and that she had approached him for sex. He also stated that he observed that Lee was injured at the time: "She had a swollen knot above her right eyebrow" that appeared "fresh."

Officer Zaunbrecher made an in-court identification of S.W. as the person he apprehended, whom Lee had identified as the person who had robbed her. He also made an in-court identification of Lee as the woman who complained about the robbery and identified S.W. as her attacker. Officer R. Gilchrest, Officer Zaunbrecher's partner, testified to substantially the same events as Officer Zaunbrecher, and he likewise identified S.W. as the young man he had apprehended and whom Lee had identified as her attacker.

S.W. testified that he was on his way back home after a visit with his girlfriend when he was approached by a woman who asked if he had any drugs and then "approached [him] in a sexual manner." He stated that he told her he did not sell drugs, cursed at her, and walked off. S.W. further testified that he never touched Lee and that he never grabbed her purse or any other property that she had. He testified that this occurred sometime between eleven and twelve at night.

The trial court found that S.W. engaged in delinquent conduct and committed him to the Texas Juvenile Justice Department.

### Standard of Review

In his sole issue, S.W. argues that the evidence was legally and factually insufficient to support the trial court's finding that he engaged in delinquent conduct constituting the offense of robbery. He argues that we should evaluate both the legal and factual sufficiency of the evidence.

Juvenile cases are civil proceedings, but are considered "quasi-criminal" in nature. *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998). Civil and criminal rules apply at different stages of the same proceeding. *In re K.H.*, 169 S.W.3d 459, 462 (Tex. App.—Texarkana 2005, no pet.); *see* TEX. FAM. CODE ANN. § 51.17 (Vernon Supp. 2012) (outlining rules of procedure and evidence that apply in juvenile proceedings).

4

Regarding the sufficiency of the evidence, a trial court adjudicates a juvenile as delinquent only if it finds beyond a reasonable doubt that the juvenile committed the offense charged. TEX. FAM. CODE ANN. § 54.03(f) (Vernon Supp. 2012). Thus, although juvenile cases are civil proceedings, we review challenges to the sufficiency of the evidence to support a finding that a juvenile engaged in delinquent conduct using the standards applicable to criminal cases. *In re C.J.*, 285 S.W.3d 53, 55–56 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *In re G.A.T.*, 16 S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Accordingly, we apply the standard adopted by the Texas Court of Criminal Appeals to evaluate the sufficiency of the evidence, as set out in *Jackson v. Virginia. See In re M.C.S.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.) (applying *Jackson* standard in juvenile proceeding in light of Court of Criminal Appeals' determination that *Jackson* standard is only standard for determining sufficiency of evidence in criminal proceeding); *see also In re F.D.M.*, No. 01-11-00426-CV, 2012 WL 1249520, at *2 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, no pet.) (mem. op.) (holding, in juvenile proceeding, that "[t]his Court reviews criminal sufficiency-of-the-evidence challenges under a single standard of review—the *Jackson* standard—regardless of whether the appellant raises a legal or factual sufficiency challenge").

When reviewing the sufficiency of the evidence supporting a criminal conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). The fact finder may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that jury can choose to disbelieve witness even when witness's testimony is uncontradicted). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

## Sufficiency of the Evidence

S.W. argues that the evidence was insufficient to establish him as the person who attempted to take Lee's purse and that it was insufficient to demonstrate that he maintained control over the purse in a manner that would satisfy the theft element of the offense of robbery.

A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2011). The phrase "in the course of committing theft" means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01 (1) (Vernon 2011). Finally, a person commits theft if that person unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a) (Vernon Supp. 2012).

### A. Theft

S.W. argues that the evidence was insufficient to establish that he committed a robbery because he did not take the purse away from Lee and, thus, never completed the theft. However, proof of a completed theft is not required to establish the offense of robbery. *Bustamante v. State*, 106 S.W.3d 738, 740 (Tex. Crim. App. 2003). Rather, evidence that S.W. caused bodily injury in an attempt

7

to commit theft is sufficient to support the judgment against him. *See* TEX. PENAL CODE ANN. §§ 29.01, 29.02(a)(1).

Here, Lee testified that the young man threw her down, tried to snatch her purse, and hit her in the head. She also testified that she was afraid that she was going to die. The night of the incident, Lee identified S.W. as her attacker. At trial, Officers Zaunbrecher and Gilchrest also identified S.W. as the person they apprehended at the scene whom Lee identified as her attacker. Officers Zaunbrecher and Gilchrest both testified that they observed Lee shortly after the robbery and that she had a knot swelling above her eyebrow that appeared to have been inflicted recently. Thus, there was evidence that S.W. caused Lee bodily injury while attempting to take her purse away from her. *See id.* §§ 29.01, 29.01(a)(1). Viewing all of the evidence in the light most favorable to the verdict, we conclude that the trial court could have found the essential elements of robbery beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Adames*, 353 S.W.3d at 859.

## B. Identity

S.W. also argues that the evidence was insufficient to establish his identity as the person who robbed Lee.

The State was required to prove that S.W. was the perpetrator of the criminal offense beyond a reasonable doubt. *See Smith v. State*, 56 S.W.3d 739, 744 (Tex.

App.—Houston [14th Dist.] 2001, pet. ref'd); *see also In re D.R.T.*, 339 S.W.3d 208, 210 (Tex. App.—El Paso 2011, no pet.) (stating same in juvenile case). Proof of identity may be had by direct or circumstantial evidence. *In re D.R.T.*, 339 S.W.3d at 210 (citing *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009)).

Here, Lee was unable make an in-court identification of S.W. as the person who robbed her. However, other evidence established S.W.'s identity as the robber. *See Conyers v. State*, 864 S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (providing that courtroom identification is not required when other evidence is presented establishing culpability of defendant); *see also Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.) ("[T]he absence of an in-court identification is merely a factor for the jury to consider in assessing the weight and credibility of the witnesses' testimony."). Lee identified S.W. as the person who robbed her immediately following the incident, after he had been apprehended by the police. She testified that she did not recognize him at trial because "a lot of things [had] happened to [her]" since the crime occurred. Officers Zaunbrecher and Gilchrest both identified S.W. in court as the young man they apprehended at the time of the robbery, and they both testified that Lee identified S.W. as her assailant at the time the robbery occurred.

S.W. also argues that Lee's testimony regarding the time when the robbery occurred was inconsistent with the testimony of other witnesses. Lee testified that the incident occurred "late in the evening" and then specified that it happened around seven in the evening. However, both Officers Zaunbrecher and Gilchrest testified that the incident occurred sometime between midnight and two in the morning. S.W. testified that he encountered Lee sometime around eleven or twelve at night.

S.W. does not explain in his brief how this discrepancy in the testimony supports his argument that the evidence was insufficient to establish his identity as the person who robbed Lee. However, we observe that the trial court was the fact finder, and as such, it was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Bartlett*, 270 S.W.3d at 150. The trial court was further entitled to accept one version of the facts—i.e., the version presented by Officers Zaunbrecher and Gilchrest—and reject another, and it was entitled to reject any part of a witness's testimony—i.e., the portion of Lee's testimony regarding the time when the robbery occurred. *See Sharp*, 707 S.W.2d at 614; *Henderson*, 29 S.W.3d at 623.

Thus, viewing all of the evidence in the light most favorable to the verdict, we conclude that the trial court could have found beyond a reasonable doubt that

S.W. was the person who had robbed Lee.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Adames*, 353 S.W.3d at 859.

We overrule S.W.'s sole issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.