**Opinion issued June 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00762-CV

———————————

## IN THE MATTER OF B.D.S.

———————————————————————————————————

On Appeal from the 313th District Court
Harris County, Texas
Trial Court Case No. 2013-06337J

———————————————————————————————————

## MEMORANDUM OPINION

Appellant B.D.S., a juvenile, appeals from the trial court's judgment in which it found that she had engaged in delinquent conduct constituting the penal offense of graffiti. *See* TEX. PENAL CODE ANN. § 28.08 (Vernon 2014) (setting out offense of graffiti); *see also* TEX. FAM. CODE ANN. § 51.03 (Vernon 2014) (defining delinquent conduct as "conduct . . . that violates a penal law of this state

or of the United States punishable by imprisonment or confinement in jail"). The trial court placed Appellant on probation for one year and released her to the custody of her mother. In one issue on appeal, Appellant asserts that the evidence was legally insufficient to support the judgment because the State failed to prove that she had engaged in the alleged delinquent conduct.

We affirm.

## Background

On November 11, 2013, 13-year-old Appellant and three other girls—S.Y., A.R., and J.E.—went into the bathroom at their middle school to fix their makeup. Appellant and S.Y. used an indelible marker to write on the bathroom wall. After they wrote on the wall, a teacher walked into the restroom. The teacher sent the four girls to the principal's office.

S.Y. admitted to writing on the wall, but Appellant denied it. Each of the four girls wrote a statement while in the principal's office. S.Y., A.R., and J.E. each said in their statements that Appellant had written on the wall.

The State filed a petition, alleging that Appellant had committed the state-jail felony offense of writing on a school wall with an indelible marker, causing a loss of less than $20,000. *See* TEX. PENAL CODE ANN. § 28.08(a)(2), (d). Appellant waived her right to a jury, and the adjudication hearing was tried before

2

the bench.  *See* TEX. FAM. CODE ANN. § 54.03 (Vernon 2014) (providing for adjudication hearing to determine if juvenile engaged in delinquent conduct).

At trial, the State presented the testimony of J.E., S.Y., and A.R.  J.E. testified that she was in the bathroom with the other three girls.  She stated that A.R. had the marker, but it was Appellant's idea to write on the wall.  J.E. testified that Appellant first wrote on the wall and then S.Y. wrote on the wall.

J.E. also testified that S.Y.'s nickname is "Little GiGi" and that Appellant's nickname is "Giggles."  During its examination of J.E., the State offered a photograph of the writing on the wall.  Included in the writing were the words "Little GiGi" and "Gigglesz."

In her testimony, J.E. stated that S.Y. also wrote on the wall.  J.E. admitted that she had implicated only Appellant in her written statement.  J.E. testified that S.R. was her friend, but Appellant was only an acquaintance.

At trial, S.Y. admitted to writing some of the graffiti but denied writing part of it.  S.Y. acknowledged that, in her written statement, she had stated that Appellant also wrote on the wall.  However, at trial, S.Y. testified that she did not know whether Appellant had written on the wall.  She stated that she had implicated Appellant in her written statement because she had felt pressured by the principal to do so.

3

In her testimony, A.R. stated that she brought the marker into the bathroom and had laid it on the sink. She stated that she did not see who took the marker or who wrote on the wall. She specifically testified that she did not see Appellant write on the wall.

A.R. acknowledged that she had stated in her written statement that Appellant, J.E., and S.Y. had written on the wall. A.R. testified that she had implicated the other girls because she was scared. She indicated that the principal made her feel that "something bad was going to happen" if she did not say who had written on the wall. A.R. acknowledged that she and Appellant were friends.

Appellant did not testify at trial. During closing argument, Appellant asserted that the State had not met its burden to show that she had written on the wall because J.E.'s, S.Y.'s, and A.R.'s testimony was not reliable or trustworthy. Appellant averred that the girls' statements were "all over the place." Appellant pointed out that there were inconsistencies between the girls' written statements and their testimony at trial. Appellant also pointed out that all the girls had been suspects at the time they gave their written statements. Each girl had testified that she had felt threatened and pressured by the principal to implicate other girls.

After hearing the evidence, the trial court found that Appellant had engaged in delinquent conduct. It placed Appellant on one year's probation and released Appellant to her mother's custody. This appeal followed.

## Sufficiency of the Evidence

In her sole issue, Appellant asserts that the evidence was legally insufficient to support the judgment because the State failed to prove, beyond a reasonable doubt, that she had engaged in the alleged delinquent conduct constituting the offense of graffiti on a school.

### A.     Standard of Review

Although they are civil proceedings, juvenile cases are considered "quasi-criminal" in nature. *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998). Civil and criminal rules apply at different stages of the same proceeding. *In re S.W.*, No. 01–12–01089–CV, 2013 WL 6097794 at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2013, no pet.) (mem. op.); *see also* TEX. FAM. CODE ANN. § 51.17 (Vernon 2014) (outlining rules of procedure and evidence applying to juvenile proceedings).

Regarding the sufficiency of the evidence, a trial court adjudicates a juvenile as delinquent only if it finds beyond a reasonable doubt that the juvenile committed the offense charged. TEX. FAM. CODE ANN. § 54.03(f). Accordingly, we review challenges to the sufficiency of the evidence to support a finding that a juvenile engaged in delinquent conduct using the standards applicable to criminal cases. *In re S.W.*, 2013 WL 6097794 at *2; *In re C.J.*, 285 S.W.3d 53, 55–56 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Thus, we apply the standard adopted by the Texas Court of Criminal Appeals to evaluate the sufficiency of the evidence, as set

5

out in *Jackson v. Virginia.* *In re S.W.*, 2013 WL 6097794 at \*2 (citing *In re M.C.S.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.) (applying *Jackson* standard in juvenile proceeding in light of Court of Criminal Appeals' determination that *Jackson* standard is only standard for determining sufficiency of evidence in criminal proceeding)).

When reviewing the sufficiency of the evidence supporting a criminal conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and

6

to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In short, the fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *see also Clayton v. State*, 235 S.W.3d at 778.

In our review of the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**B.     Analysis**

The State was required to prove that Appellant was the perpetrator of the criminal offense beyond a reasonable doubt. *See In re S.W.*, 2013 WL 6097794 at *3. Appellant asserts that the evidence was insufficient to establish her identity as a person who wrote on the bathroom wall.

7

At trial, J.E. testified that she saw Appellant and S.Y. write on the bathroom wall with the marker. J.E. also testified that Appellant's nickname is Giggles. A photograph of the graffiti shows that it contains the writing "Gigglesz." S.Y. and A.R. testified that they did not see Appellant write on the wall; however, they admitted that, in their written statements, made on the day of the incident, they had stated that Appellant had written on the wall.

On appeal, Appellant argues that J.E.'s testimony cannot support the finding that Appellant wrote on the wall because J.E.'s testimony is "consistently false [when compared] with the story of the other testifying witnesses." Appellant points out that J.E. testified that a campus police officer and the principal were in the room with her when she wrote her statement; however, the campus police officer testified that she was not in the room. Appellant also points out that J.E.'s testimony is not consistent with the testimony of S.Y. because S.Y. testified that she did not know whether Appellant had written on the wall. Appellant further asserts that J.E.'s testimony differed from A.R.'s testimony because A.R. acknowledged that she had indicated in her written statement that J.E. had written on the wall. J.E., however, denied writing on the wall or being asked to write on the wall.

Lastly, Appellant asserts that it is possible that J.E.'s identification of Appellant may have been coerced. Appellant acknowledges that J.E. did not state

8

that she felt pressured to identify Appellant. Nonetheless, Appellant asserts that J.E. may have felt pressured because S.Y. and A.R. testified that they had felt threatened by the principal to identify Appellant.

We observe that the trial court was the fact finder, and as such, it was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *See Bartlett*, 270 S.W.3d at 150. The trial court was further entitled to accept one version of the facts—i.e., the version presented by J.E.—and reject another, and it was entitled to reject any part of a witness's testimony—i.e., the portion of S.Y.'s and A.R.'s testimony in which they indicated Appellant did not write on the wall. *See In re S.W.*, 2013 WL 6097794 at *2 (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)).

Viewing all of the evidence in the light most favorable to the verdict, we conclude that the trial court could have found beyond a reasonable doubt that Appellant wrote on the bathroom wall of the school. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Adames*, 353 S.W.3d at 859; *In re S.W.*, 2013 WL 6097794 at *4. We hold that the evidence was sufficient to support the judgment of the trial court.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.